STATE OF NORTH CAROLINA v. DAVID KINNARD STEVENSON, Defendant

No. COA04-288

(Filed 19 April 2005)

**Evidence— prior crimes or bad acts—intent, knowledge, or common plan—remoteness**

The trial court did not abuse its discretion in a possession with intent to sell cocaine case by allowing evidence of defendant's prior criminal activities under N.C.G.S. § 8C-1, Rule 404(b), because: (1) evidence of other drug violations is often admissible under Rule 404(b); (2) notable similarities and temporal proximity exist between the offense being appealed and the prior incidents when the incidents all occurred on the same premises, the incidents all involved crack cocaine, in each instance an officer approached defendant, and in each instance defendant attempted to flee when approached by police; (3) it is proper to exclude time defendant spent in prison when determining whether prior acts are too remote; (4) the trial court guarded against the possibility of prejudice by instructing the jury to consider the officer's testimony only for the limited purposes of knowledge, intent, and common plan; and (5) although defendant contends the 1996 incident was committed prior to his eighteenth birthday and was thus not admissible under Rule 404(b), defendant failed to raise this issue before the trial court and cannot show that absent admission of the 1996 incident, he would not have been convicted.

Appeal by Defendant from conviction entered 15 October 2003 by Judge Lindsay R. Davis, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 1 March 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Sonya M. Allen, for the State.*

*Gilda C. Rodriguez, for the defendant-appellant.*

WYNN, Judge.

Under Evidence Code Rule 404(b), evidence of prior incidents is admissible to show *inter alia*, motive, opportunity, intent, knowledge, and common plan or scheme if the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing act of Evidence Code Rule 403. *State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988). In this appeal from his convictions on possession of cocaine and being an habitual felon, Defendant David Kinnard Stevenson contends that evidence of prior incidents was not sufficiently similar or proximate to the present offense to show intent, knowledge, or a common plan under Rule 404(b). Because we find that notable similarities and temporal proximity exist between the offense being appealed and the prior incidents, we affirm Defendant's convictions.

The record reflects that, on 12 November 2002, Defendant stood with several other men, including Nathaniel Galloway, on premises of the Winston-Salem Housing Authority. Noticing the men, Winston-Salem police officers patrolling the area in an unmarked vehicle exited their vehicle to speak to the men. But upon seeing the officers approach them, the men ran, leading the officers to chase Defendant and Galloway, with whom they were "very familiar" and who were on a list of persons banned from Winston-Salem Housing Authority property. During the chase, the officers observed Galloway throw something to Defendant. They also observed that Defendant had a plastic bag in his hands, which he ripped open while running. Ultimately, the officers apprehended Defendant and found on his person, a bag of marijuana, a bag with cocaine residue, and $304 in cash. The officers then traced Defendant's path and found a plastic bag and crack cocaine on the ground. The record reflects that Defendant, after having been given his Miranda warning, confessed that the marijuana and plastic bag found on his person were his, but he denied that the materials found on the ground were his.

STATE v. STEVENSON

[169 N.C. App. 797 (2005)]

Defendant was indicted and tried for possession with intent to sell or deliver cocaine and being an habitual felon. At trial, the court held a hearing on a motion *in limine* regarding the admissibility of proposed testimony by Officer Delray Anthony about Defendant's prior criminal activities. The State sought to admit the testimony to show "modus operandi, intent, knowledge of the substance, and probably common plan or scheme[.]" Defense counsel argued that the prior incidents were not sufficiently similar to the offense for which Defendant was being tried, that the prior incidents did not demonstrate sale of cocaine and thus could not show intent to sell, and that, even if the prior incidents were sufficiently similar to be admissible, their probative value was outweighed by their prejudicial effect. The trial court held that the testimony was admissible and gave the jury a limiting instruction that the testimony regarding the prior incidents could be used only to show intent, knowledge, and existence of a common plan involving the crime charged in this case.

On 15 October 2003, a jury found Defendant guilty of possession with intent to sell, and Defendant was sentenced to 120 to 153 months imprisonment. Defendant appeals.

On appeal, Defendant contends that the trial cour erred in admitting testimony by Officer Delray Anthony regarding two incidents of Defendant's prior criminal activities. First, Officer Anthony testified that on 28 August 1996, he saw Defendant on premises of the Winston-Salem Housing Authority; Defendant ran, was chased, and was apprehended; Defendant was found to have approximately thirty rocks of crack cocaine on his person. Second, Officer Anthony testified that on 23 July 1997, he observed Defendant on premises of the Winston-Salem Housing Authority, where he had been banned. When Officer Anthony approached Defendant, Defendant ran and threw something in a trash can; Defendant was apprehended, and in Defendant's path, a bag containing rocks of crack cocaine and a handgun were found.

Defendant argues that the prior incidents were irrelevant and not sufficiently similar to the present offense to show intent, knowledge, or a common plan under North Carolina General Statute section 8C-1, Rule 404(b).

Rule 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). Rule 404(b) is one of inclusion, "subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). As long as the prior acts provide "substantial evidence tending to support a reasonable finding *by the jury* that the defendant committed a similar act or crime and its probative value is not limited *solely* to tending to establish the defendant's propensity to commit a crime such as the crime charged," the evidence is admissible under Rule 404(b). *State v Stager*, 329 N.C. 278, 303-04, 406 S.E.2d 876, 890 (1991) (citations omitted). In drug cases, evidence of other drug violations is often admissible under Rule 404(b). *State v. Montford*, 137 N.C. App. 495, 501, 529 S.E.2d 247, 252, *cert. denied*, 353 N.C. 275, 546 S.E.2d 386 (2000).

Where evidence of prior conduct is relevant to an issue other than the defendant's propensity to commit the charged offense, "the ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403." *Boyd*, 321 N.C. at 577, 364 S.E.2d at 119; *see also, e.g., State v. Bidgood*, 144 N.C. App. 267, 271, 550 S.E.2d 198, 201 ("The use of evidence under Rule 404(b) is guided by two [further] constraints: similarity and temporal proximity." (quotation omitted)), *cert. denied*, 354 N.C. 222, 554 S.E.2d 647 (2001). The determination of similarity and remoteness is made on a case-by-case basis, and the required degree of similarity is that which results in the jury's "*reasonable* inference" that the defendant committed both the prior and present acts. *Stager*, 329 N.C. at 304, 406 S.E.2d at 891. The similarities need not be "unique and bizarre." *Id.* (quotation omitted). Finally, once a trial court has determined the evidence is admissible under Rule 404(b), the court must still decide whether there exists a danger that unfair prejudice substantially outweighs the probative value of the evidence. N.C. Gen. Stat. § 8C-1, Rule 403 (2003). "That determination is within the sound discretion of the trial court, whose ruling will be reversed on appeal only when it is shown that the ruling was so arbitrary that it could not have

resulted from a reasoned decision." *Bidgood*, 144 N.C. App. at 272, 550 S.E.2d at 202.

Here, notable similarities exist between the offense being appealed and the prior incidents about which Officer Anthony testified. First, the incidents all occurred on premises of the Winston-Salem Housing Authority, from which Defendant was banned. Second, the incidents all involved crack cocaine. Third, in each instance Officer Anthony approached Defendant. Fourth, in each instance Defendant attempted to flee when approached by the police. These similarities allowed the jury to make a *"reasonable* inference" that Defendant committed both the prior and present acts. *Stager*, 329 N.C. at 304, 406 S.E.2d at 891.

With regard to temporal proximity, the 1996 and 1997 incidents took place six and five years, respectively, prior to the offense charged here. The record indicates that Defendant spent part of the time between the 1996 and 1997 incidents and the 2002 incident in prison. "It is proper to exclude time defendant spent in prison when determining whether prior acts are too remote." *State v. Berry*, 143 N.C. App. 187, 198, 546 S.E.2d 145, 154, *disc. review denied*, 353 N.C. 729, 551 S.E.2d 439 (2001); *see also, e.g., State v. Lloyd*, 354 N.C. 76, 91, 552 S.E.2d 596, 610 (2001) (quoting *Berry* in finding it "proper to exclude time defendant spent in prison when determining whether prior acts are too remote[]"). Moreover, remoteness is a less significant factor in determining Rule 404(b) admissibility when the prior acts go to prove something other than a common plan or scheme, such as knowledge or intent. " '[R]emoteness in time is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident; remoteness in time generally affects only the weight to be given such evidence, not its admissibility.' " *Lloyd*, 354 N.C. at 91, 552 S.E.2d at 610 (quoting *Stager*, 329 N.C. at 307, 406 S.E.2d at 893). Here, while the 1996 and 1997 incidents were admitted to show a common plan or scheme, for which purpose their remoteness may be problematic, they were also admitted to show intent and knowledge. The 1996 and 1997 incidents were thus not too remote to be admissible.

Defendant also asserts that, even if Officer Anthony's testimony was admissible under Rule 404(b), the evidence should have been excluded under Rule 403 of the North Carolina Rules of Evidence. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403 (2003). The exclusion of evidence

under Rule 403 is a matter generally left to the sound discretion of the trial court, *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986), which we leave undisturbed unless the trial court's ruling "is manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision[,]" *State v. Syriani*, 333 N.C. 350, 379, 428 S.E.2d 118, 133, *cert. denied*, 510 U.S. 948, 126 L. Ed. 2d 341 (1993).

Here, the trial court did not abuse its discretion by admitting evidence of Defendant's prior criminal activities otherwise admissible under Rule 404(b). Rather, the trial court guarded against the possibility of prejudice by instructing the jury to consider Officer Anthony's testimony only for the limited purposes of knowledge, intent, and common plan. *State v. Hyatt*, 355 N.C. 642, 662, 566 S.E.2d 61, 75 (2002) (prior misconduct not unduly prejudicial under Rule 403 where trial court gave limiting instruction regarding permissible uses of 404(b) evidence).

Lastly regarding this assignment of error, Defendant contends that, because the 1996 incident was committed prior to Defendant's eighteenth birthday, evidence regarding that incident was not admissible under Rule 404(b). "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make[.]" N.C. R. App. P. 10(b)(1). "Since defendant[] failed to raise this issue before the trial court our review is limited to plain error. The plain error rule only applies in truly exceptional cases. To constitute plain error the appellate court must be convinced that absent the error, the jury probably would have reached a different verdict."[1] *State v. Walker*, 167 N.C. App. 110, 117, 605 S.E.2d 647, 653 (2004) (citing *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983) (internal citations omitted)); *State v. Riddle*, 316 N.C. 152, 161, 340 S.E.2d 75, 80 (1986) (same).

Here, we are not convinced that, absent the admission of the 1996 incident, Defendant would not have been convicted in this case. As stated above, Defendant attempted to flee when approached by the police. Once apprehended, he was found to have a bag of marijuana, a bag with cocaine residue, and a large amount of cash on his person. Moreover, the police testified that they saw Defendant rip open a bag while he was running. The police then found crack cocaine on the ground in Defendant's path. Additionally, Defendant confessed that

---

1. We note that Defendant specifically argued plain error, in the alternative, in his assignments of error.

**IN RE B.D.**

[169 N.C. App. 803 (2005)]

the marijuana and plastic bag found on his person were his (though he denied that the materials found on the ground belonged to him).

In sum, we find no prejudicial error regarding the admission of Officer Anthony's testimony and overrule Defendant's assignment of error.

Defendant did not argue his remaining assignments of error. They are therefore deemed abandoned. N.C. R. App. P. 28(b).[2]

For the foregoing reasons, we affirm Defendant's convictions.

Affirmed.

Judges HUDSON and STEELMAN concur.

_____

2. For the reasons set forth in *State v. Jones*, 358 N.C. 473, 476, 598 S.E.2d 125, 126 (2004), we summarily reject Defendant's contention that possession of cocaine is a misdemeanor and should not be counted as a felony to support an habitual felon indictment and conviction.