STATE OF NORTH CAROLINA
v.
WILLIE EDWARD DOUTHIT
No. COA07-38
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Attorney General Roy Cooper, by Associate Attorney General LaToya B. Powell, for the State.
Michael J. Reece, for defendant-appellant.
CALABRIA, Judge.
Willie Edward Douthit ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of possession with intent to sell and deliver cocaine, selling cocaine, and attaining the status of an habitual felon. We find no error.
The evidence presented at trial tended to show the following: On 9 September 2004, Officer Mike Cardwell ("Officer Cardwell") of the Winston-Salem Police Department worked undercover and attempted to purchase illegal narcotics in the Cleveland Avenue Homes community ("the community"). As Officer Cardwell approached the community, he heard the defendant "yell" and Officer Cardwell stopped his vehicle on the right-hand side of the road. Defendant approached the driver's side of the car and asked Officer Cardwell what he wanted. Officer Cardwell replied that he wanted a "20," which was "common slang for $20 worth of crack cocaine." Defendant reached into his right-hand pocket and removed what appeared to the officer as a single piece of crack cocaine. Officer Cardwell responded by giving defendant a $20 bill in exchange for the crack cocaine. Defendant walked away from the vehicle. After Officer Cardwell drove away, he immediately went to the police station and field tested the substance he received from defendant. The substance tested positive for the presence of cocaine.
Detective R. J. Paul ("Detective Paul") had been following Officer Cardwell and listening to the drug transaction through a wire transmitter. After Officer Cardwell drove away, Detective Paul took video footage of the defendant at the crime scene. At trial, Officer Cardwell viewed Detective Paul's videotape and identified the defendant as the same person who sold him the crack cocaine.
Defendant was convicted of possession with intent to sell or deliver cocaine, selling cocaine, and attaining the status of an habitual felon. The trial court sentenced defendant to a minimum term of 151 months to a maximum term of 191 months in the North Carolina Department of Correction. Defendant appeals.
Defendant argues on appeal that the trial court erred by allowing the State to introduce evidence of a prior drug transaction . Officer Kevin Wade ("Officer Wade") of the Winston-Salem Police Department testified that on 12 December 1999, he was working undercover and attempting to purchase illegal narcotics. Officer Wade was driving an unmarked van when his attention was directed to an individual. Officer Wade stopped his vehicle, rolled down his window and asked the person "if he had anything." The person told Officer Wade to exit his vehicle, and Officer Wade complied. As Officer Wade approached the individual, defendant called for Officer Wade to come to him instead. Officer Wade redirected his attention to the defendant. Officer Wade told the first individual he would deal with the defendant. That person then walked to the defendant, and passed off to him what appeared to be crack cocaine. When defendant dropped the cocaine on the ground, Officer Wade "gave the signal for the takedown team," and defendant was arrested. Defendant contends that the sole purpose of this evidence was to show that he had a propensity to sell cocaine and should have been excluded from evidence pursuant to N.C. Gen. Stat. §8C-1, Rule 404(b)(2005). We find defendant's arguments unpersuasive.
Rule 404(b) of the North Carolina Rules of Evidence provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
G.S. 8C-1, Rule 404(b). Our Court has stated that:
This rule is a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.
State v. Washington, 141 N.C. App. 354, 366, 540 S.E.2d 388, 397 (2000) (citing State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990)), disc. review denied, 353 N.C. 396, 547 S.E.2d 427 (2001) (emphasis omitted); see also State v. Davis, 168 N.C. App. 321 (2005) (allowing the introduction of a defendant's prior arrest on drug charges as relevant to the defendant's motive to commit an alleged drug-related murder), disc. review, petition, and stay denied, 359 N.C. 412, 612 S.E.2d 324 (2005).
Here, the State presented evidence that defendant had previously been arrested for possession with intent to sell or deliver crack cocaine. Both the instant case and defendant's prior arrest involved an "open-air" sale of crack cocaine. In each case, defendant initiated contact with the undercover officer. Additionally, Officer Wade testified that the two incidents occurred approximately one block from each other. We conclude that the facts surrounding defendant's prior arrest were sufficiently similar to the facts of the case at bar to be admissible for the purpose of showing that: (1) defendant knew he possessed crack cocaine; and (2) that his intent was to sell or deliver the drugs. Furthermore, considering its similarity to the offense for which defendant was tried, and because it was used to show knowledge and intent, we also conclude that the prior arrest was not too remote in time to be admissible. State v. Stevenson, 169 N.C. App. 797, 801, 611 S.E.2d 206, 210 (2005).
Moreover, even assuming arguendo that admission of the evidence was error, it was harmless error in light of the overwhelming evidence of defendant's guilt. "The erroneous admission of evidence requires a new trial only when the error is prejudicial." State v. Chavis, 141 N.C. App. 553, 566, 540 S.E.2d 404, 414 (2000) (citing State v. Locklear, 349 N.C. 118, 149, 505 S.E.2d 277, 295 (1998), cert. denied, 526 U.S. 1075, 143 L. Ed. 2d 559 (1999)). "To show prejudicial error, a defendant has the burden of showing that 'there was a reasonable possibility that a different result would have been reached at trial if such error had not occurred.'" Id. (citing Locklear, 349 N.C. at 149, 505 S.E.2d at 295; N.C. Gen. Stat. § 15A-1443(a)(1999)).
At trial, Officer Cardwell testified that when defendant personally handed him a rock of crack cocaine, he paid $20. Officer Cardwell also viewed a videotape taken shortly after the sale was completed and identified the defendant as the person who sold him the crack cocaine. In light of this evidence, defendant has failed to demonstrate prejudice. See State v. Grant, ___ N.C. App. ___, ___, 632 S.E.2d 258, 266 (2006) ("' Erroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the state's primary contentions, or where there is overwhelming evidence of [the] defendant's guilt,'") (quotingState v. Weldon, 314 N.C. 401, 411, 333 S.E.2d 701, 707 (1985)), disc. rev. denied, 361 N.C. 223, ___ S.E.2d ___ (2007). Since defendant failed to present arguments as to his remaining assignments of error, they are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6) (2006). Accordingly, we find no error. No error.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).