STATE OF NORTH CAROLINA v. BARRY WAYNE WELCH

No. COA07-1557

(Filed 7 October 2008)

**Evidence— prior crimes or bad acts—prior drive-by drug sales—identity—intent—common plan or scheme**

    The trial court did not abuse its discretion in a possession with intent to sell and deliver cocaine and the sale and delivery of cocaine case by allowing the State to present evidence of two prior drug sales involving defendant because: (1) in drug cases, evidence of other drug violations is often admissible under N.C.G.S. § 8C-1, Rule 404(b); (2) the record showed substantial similarities existed between the three drug sales in that the sales were made to an undercover female officer in the same neighborhood within one to two blocks of each other; the officers iden-

tified defendant as the seller, and the same officer identified him as to both the 16 and 22 February sales; the sales were made by a man standing on the street to parties sitting inside an automobile; and the purchased substances as well as the amount and price of each substance was the same, i.e., single rocks of cocaine to individuals for twenty dollars; (3) the incidents were only separated by six days and ten months respectively; (4) although defendant contends the similarities merely reflect general characteristics of drive-by drug sales, this type of street-level drug sale is not a general substantive crime in and of itself, and not all drug sales are conducted in this manner; (5) drive-by drug sales are a modus operandi by which a party carries out the sale or distribution of drugs; and (6) the trial court guarded against the possibility of prejudice by conducting voir dire and by instructing the jury that it could only consider this evidence for the limited purposes of identity, intent, and common plan or scheme.

Appeal by defendant from judgment entered 31 August 2007 by Judge Ronald E. Spivey in Stokes County Superior Court. Heard in the Court of Appeals 18 August 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Stanley G. Abrams, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.*

HUNTER, Judge.

Barry Wayne Welch ("defendant") appeals from final judgment entered against him in the Stokes County Superior Court in accordance with jury verdicts finding him guilty of (1) possession with intent to sell and deliver cocaine and (2) the sale and delivery of cocaine.[1] Defendant was sentenced to an active term of 133-169 months imprisonment. In this appeal from his convictions for possession with intent to sell and deliver cocaine and the sale and delivery of cocaine, defendant contends that the trial court erred by allowing the State to present evidence to the jury of two prior drug sales allegedly involving defendant to show identity, intent, and common plan or scheme in violation of North Carolina Rules of Evidence 403 and 404(b). After careful review, we find no error.

---

1. The jury also found defendant guilty of being a habitual felon. He makes no argument regarding this conviction here.

**STATE v. WELCH**

[193 N.C. App. 186 (2008)]

The evidence presented by the State tended to show[2] that on 22 February 2006, the Stokes County Sheriff's Department ("Sheriff's Department") sent King Police Department Officer Carolyn McMackin ("Officer McMackin") and a confidential informant into the London section of Walnut Cove ("the London area") to make undercover drug purchases. Wearing a body wire monitored by Sheriff's Department Sergeant Randy Joyce ("Sergeant Joyce") and accompanied by the informant, Officer McMackin drove an unmarked, white Chrysler through the London area as it was starting to get dark. Upon noticing defendant on Brook Street, Officer McMackin pulled the car over. Defendant approached the passenger's window and asked Officer McMackin what she wanted. She informed him that she wanted "a $20 rock[,]" and defendant sold her a loose, unpackaged crack rock for twenty dollars. Following the transaction, Officer McMackin told Sergeant Joyce about the undercover buy and identified defendant as the seller. Field tests indicated the substance Officer McMackin had purchased contained 0.2 grams of cocaine.

At trial, the State sought to present evidence, primarily consisting of officer testimony, of two prior drug sales allegedly made by defendant to undercover officers on 16 February 2006 and 15 April 2005 respectively. Outside of the presence of the jury, the trial court conducted *voir dire* regarding the admissibility of this evidence. The State asserted that pursuant to North Carolina Rule of Evidence 404(b), these sales were admissible to show (1) identity of the seller, (2) intent to sell and deliver cocaine, and (3) a common plan or scheme to sell cocaine in the London area. Defense counsel argued that the prior incidents were not sufficiently similar to the offense for which defendant was being tried and that even if the prior incidents were sufficiently similar, their probative value was substantially outweighed by their prejudicial effect. The trial court held that the testimony was admissible and gave the jury a limiting instruction that the testimony regarding the prior incidents could only be used to show identity, intent, and a common plan or scheme.

The evidence offered by the State with regard to the 16 February 2006 incident tended to establish that at 9:15 p.m., Officer McMackin, accompanied by the same confidential informant, drove the same car into the London area to make undercover drug buys. She and the informant first stopped at a residence in London before proceeding to a second residence in the London area to purchase cocaine. At the first residence, Officer McMackin waited in the car. The informant

2. Defendant did not present any evidence.

entered the house and returned with an unidentified man. She and the informant followed the unidentified man, who was driving a moped, to the second residence located on Windmill Street. Upon arriving there, the unidentified man drove away.

At the second residence, Officer McMackin observed three men in the front yard. Two of the men approached the car, and Officer McMackin stated she wanted to purchase drugs from them. The men declined "because they thought [she was] a cop[,]" and told her that she needed to go get "Wayne," (the man on the moped), and bring him back with her to make the buys. As Officer McMackin started to drive away, the third man in the yard approached the passenger side of the car and "stated that he would sell [her] a rock." At approximately 9:39 p.m., the third man sold both Officer McMackin and the informant single rocks of cocaine for twenty dollars a piece. This sale occurred within one to two blocks of the 22 October 2006 and the 15 April 2005 sales, and Officer McMackin identified defendant as the seller both pretrial and at trial.

The State's evidence as to the 15 April 2005 sale tended to show that Sheriff's Department Officer Valerie Hicks Venable ("Officer Venable") bought crack from defendant in the London area sometime after 5:00 p.m. Officer Venable was alone in her unmarked car and drove very slowly so that people would approach her. As she traveled up Broad Street, a man approached her driver's side window and inquired if she "needed a piece." She responded that she wanted "[a] 20." The man instructed Officer Venable to drive around the block, which she did, returning to the same general location on Broad Street. The man approached the car again, informed her his name was "Barry[,]" and pointed out his "white Regal" parked nearby. Officer Venable paid the seller, whom she identified both pretrial and in court as defendant, twenty dollars for a single rock containing 0.1 grams of cocaine. This sale occurred within one to two blocks of the later sales, and Officer Venable identified defendant as the seller both pretrial and at trial.

Here, defendant argues the trial court erred in admitting evidence pertaining to the prior incidents because this evidence constitutes improper character evidence in violation of North Carolina Rule of Evidence 404 and because this evidence is substantially more prejudicial than probative in violation of North Carolina Rule of Evidence 403. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007); N.C. Gen. Stat. § 8C-1, Rule 403 (2007). We disagree.

Rule 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b). As our Supreme Court has stated, Rule 404(b) is a rule of inclusion, "subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis omitted).

As long as the prior acts provide "substantial evidence tending to support a reasonable finding by the jury that the defendant committed a similar act or crime and its probative value is not limited solely to tending to establish the defendant's propensity to commit a crime such as the crime charged," the evidence is admissible under Rule 404(b).

*State v. Stevenson*, 169 N.C. App. 797, 800, 611 S.E.2d 206, 209 (2005) (quoting *State v Stager*, 329 N.C. 278, 303-04, 406 S.E.2d 876, 890 (1991)) (emphasis omitted). "In drug cases, evidence of other drug violations is often admissible under Rule 404(b)." *Id.* (citing *State v. Montford*, 137 N.C. App. 495, 501, 529 S.E.2d 247, 252, *cert. denied*, 353 N.C. 275, 546 S.E.2d 386 (2000)).

In determining the admissibility of evidence of prior conduct under Rule 404(b), a court must determine "whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403." *State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988). "The determination of similarity and remoteness is made on a case-by-case basis, and the required degree of similarity is that which results in the jury's 'reasonable inference' that the defendant committed both the prior and present acts." *Stevenson*, 169 N.C. App. at 800, 611 S.E.2d at 209 (quoting *Stager*, 329 N.C. at 304, 406 S.E.2d at 891). "The similarities need not be 'unique and bizarre.' " *Id.* (quoting *Stager*, 329 N.C. at 304, 406 S.E.2d at 891). However, "[w]hen the State's efforts to show similarities between crimes establish no more than 'characteristics inherent to most' crimes of that type, the State has 'failed to

show . . . that sufficient similarities existed' for the purposes of Rule 404(b)." *State v. Carpenter*, 361 N.C. 382, 390, 646 S.E.2d 105, 111 (2007) (quoting *State v. Al-Bayyinah*, 356 N.C. 150, 155, 567 S.E.2d 120, 123 (2002)) (second alteration in original).

> The decision to admit or exclude evidence is a matter addressed to the sound discretion of the trial court which will not be disturbed absent an abuse of discretion and "only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision."

*State v. Smith*, 99 N.C. App. 67, 71, 392 S.E.2d 642, 645 (1990) (quoting *State v. Thompson*, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985)), *cert. denied*, 328 N.C. 96, 402 S.E.2d 824 (1991).

Here, defendant argues that sufficient similarities do not exist between the prior incidents and the one for which he was convicted and that the evidence pertaining to them should not have been admitted per Rule 404(b). Relying heavily on *Carpenter*, defendant argues that the only similarities that exist here involve generic characteristics inherent to most crimes of that type. *Carpenter*, 361 N.C. at 390, 646 S.E.2d at 111. Defendant makes no argument regarding the remoteness of the 16 February transaction, which occurred six days prior to the offense for which he was charged, and concedes that the remoteness pertaining to the 15 April transaction hinges on the similarity analysis. ("While the lapse in time itself did not require exclusion of evidence of the April 15 crimes . . . the substantial lapse in time combined with the significant factual dissimilarities, rendered it inadmissible under Rule 404(b) for any purpose.") Defendant further contends that his case is similar to *Carpenter* and that *Carpenter* compels a finding of error and prejudice under the facts here. We find these arguments to be without merit.

In *Carpenter*, defendant was tried and convicted for possession of cocaine with intent to sell and deliver. *Id.* at 383, 646 S.E.2d at 107. The defendant's prior offense occurred eight years earlier and involved the sale of six unpackaged crack rocks, weighing 0.82 grams, to an undercover officer in a high crime area. In contrast, in the later incident no one observed the defendant make a drug sale, and none of the traditional indices of sale and delivery were present. Rather, police stopped an automobile in which the defendant was a passenger and found on his person twelve, unpackaged crack rocks, weighing 1.6 grams. The stop did not occur in the same neighborhood as the prior incident.

In analyzing the two incidents in *Carpenter*, our Supreme Court concluded that the only real similarity between the incidents was the possession of several loose rocks of crack cocaine. *Id.* at 390, 646 S.E.2d at 111. Because the only similarity between the incidents in *Carpenter* was a common, generic characteristic in nearly all drug sales involving crack cocaine, the Court held that the admission of evidence regarding the earlier incident to show the defendant's intent was error. *Id.* at 391-92, 646 S.E.2d at 112.

Unlike *Carpenter*, a substantially greater degree of similarity exists between the three drug sales here. Specifically, the record tends to show the following similarities: (1) the sales were made to an undercover female officer in the same neighborhood within one to two blocks of each other; (2) the officers identified defendant as the seller, and the same officer identified him as to both the 16 and 22 February sales; (3) the sales were made by a man standing on the street to parties sitting inside an automobile; and (4) the purchased substance as well as the amount and price of the substance was the same, i.e., single rocks of cocaine to individuals for twenty dollars. In addition, with regard to proximity, unlike in *Carpenter* where the incidents were separated by eight years, the incidents here are only separated by six days and ten months respectively.

While defendant argues that the above similarities merely reflect general characteristics of drive-by drug sales, this argument misinterprets our Supreme Court's decision in *Carpenter* and is without merit. In *Carpenter*, the Supreme Court concluded that the evidence between the two incidents was merely generic to the crime of possession of cocaine with the intent to sell and distribute. *See id.* at 390, 646 S.E.2d at 111. However, unlike possession of cocaine with intent to sell and distribute, a drive-by, street-level drug sale is not a general substantive crime in and of itself and not all drug sales are conducted in this manner. Rather, it is a *modus operandi* by which a party carries out the sale or distribution of drugs.

As such, we conclude the similarities here are not merely generic traits by which all crimes of that type can be described. In fact, we find the level of similarity here to be much more comparable to and even greater than that present in *Stevenson*, where this Court held that evidence pertaining to two prior drug offenses, which occurred five and six years prior to the offense for which defendant was being charged, was admissible to show intent, knowledge, or a common plan or scheme. *Stevenson*, 169 N.C. App. at 798, 611 S.E.2d at 208 (noting that the incidents occurred on the same housing authority

premises from which defendant was banned, involved crack cocaine, and each time the same officer approached the defendant, causing him to flee). *Id.* at 801, 611 S.E.2d at 210.

Finally, we do not believe that the trial court abused its discretion by admitting evidence of defendant's prior drug sales, which were otherwise admissible under Rule 404(b). In fact, the trial court guarded against the possibility of prejudice by conducting *voir dire* and by instructing the jury that it could only consider this evidence for the limited purposes of identity, intent, and common plan or scheme. *State v. Hyatt*, 355 N.C. 642, 662, 566 S.E.2d 61, 75 (2002) (prior misconduct not unduly prejudicial under Rule 403 where trial court gave limiting instruction regarding permissible uses of 404(b) evidence).

In sum, after careful review, we hold that the trial court did not abuse its discretion by admitting the challenged evidence under Rule 404(b) for the limited purpose of showing defendant's intent, identity, and common plan or scheme.

No error.

Chief Judge MARTIN and Judge WYNN concur.