STATE OF NORTH CAROLINA v. DONNIE SCOTT CARPENTER

No. 422A06

(Filed 28 June 2007)

**Evidence— prior crimes or bad acts—sale of cocaine—prejudicial error**

The trial court erred in a possession with intent to sell or deliver cocaine case by admitting under N.C.G.S. § 8C-1, Rule 404(b) evidence of defendant's prior sale of cocaine in 1996 and resulting felony conviction, and defendant's conviction is vacated and remanded for a new trial, because: (1) the two offenses in the case at bar are separated by eight years, and evidence related to defendant's 1996 sale of cocaine lacked sufficient similarity with

his 2004 alleged crime of possession with intent to sell or deliver cocaine; (2) at most, the trial court found that both cases involved multiple dosages of crack cocaine but made no findings as to the significance of these quantities, and there were more differences than similarities when both the quantity and weight of the contraband in the two cases differ by almost precisely 100 percent; (3) although in both instances the crack cocaine rocks were not individually wrapped, an officer testified that rocks of crack cocaine are not normally individually packaged; and (4) the inference afforded by the amount of drugs in defendant's possession does not outweigh the prejudice caused by the erroneous admission of his prior conviction.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 179 N.C. App. 79, 632 S.E.2d 538 (2006), finding no error in defendant's trial which resulted in a judgment entered 21 April 2005 by Judge Timothy S. Kincaid in Superior Court, Lincoln County. Heard in the Supreme Court 9 January 2007.

*Roy Cooper, Attorney General, by Douglas A. Johnston, Special Deputy Attorney General, for the State.*

*M. Victoria Jayne for defendant-appellant.*

EDMUNDS, Justice.

On 21 April 2005, a jury convicted defendant Donnie Carpenter of one count of possession with intent to sell or deliver cocaine. During the trial, the State introduced evidence pursuant to North Carolina Rule of Evidence 404(b) of defendant's prior sale of cocaine and resulting felony conviction. Defendant contends this evidence was improperly admitted because his previous sale of cocaine, which occurred eight years before, lacked sufficient similarity with the crime for which he was being tried. Because we agree that the trial court's findings failed to establish sufficient similarity and that introduction of this past sale served only to show defendant's propensity to commit a similar crime, we reverse the Court of Appeals.

At trial, the State presented evidence that on the night of 11 March 2004, Lincolnton Police Officer Dennis Harris parked in a vacant lot across from the Gaston College campus. At approximately 10:00 p.m., he watched as a car backed out of a residential driveway and proceeded down the middle of the street. After following for

about one block, Officer Harris conducted a routine traffic stop for being left of the center line. The car held four people, including defendant, who was sitting in the back seat. When Officer Harris approached the vehicle, he smelled marijuana and saw a bit of smoke inside, and accordingly conducted a search for drugs.

After first searching the driver, Officer Harris removed defendant from the vehicle and conducted a pat-down. In the pocket of defendant's sweatshirt, Officer Harris found a small red tube containing twelve unpackaged rocks of crack cocaine, each within average dosage range and weighing a total of 1.6 grams. He also found two bags of marijuana in defendant's right sock.

Officer Harris secured the drugs for evidence and handcuffed defendant. He then searched the interior of the car and the two female passengers who had been in the vehicle. After finding no additional contraband, he released the driver and female passengers and took defendant into custody.

The State indicted defendant for one felony count of possession with intent to sell and deliver cocaine, pursuant to N.C.G.S. § 90-95(a). Although he was also indicted for one felony count of possession with intent to sell and deliver marijuana, the State later reduced the marijuana charge to misdemeanor possession, and defendant's conviction on that charge is not before us on this appeal.

To establish defendant's intent to sell or deliver cocaine, the State introduced the testimony of Lincolnton Police Chief Dean Abernathy, who had been a narcotics officer in 1996 when he conducted an undercover drug operation leading to defendant's conviction for the sale and delivery of cocaine. At the start of Chief Abernathy's testimony, defendant objected, contending this and other evidence from the 1996 offense was inadmissible under North Carolina Rule of Evidence 404(b), N.C.G.S. § 8C-1, Rule 404(b) (2005), and that the prejudicial effect of the evidence would substantially outweigh its probative value. The State responded that defendant's prior offense of selling cocaine was admissible under Rule 404(b) to show defendant's intent to sell cocaine in 2004.

The trial court conducted a voir dire examination of Chief Abernathy. He testified that he was a lieutenant in charge of narcotics investigations in 1996. On the afternoon of 12 September 1996, Chief Abernathy gave a paid police informant a $100 bill and a body wire. The informant then drove to a high crime area in Lincolnton, with the

police following at a discreet distance, listening to and recording the informant's conversations via the body wire. At approximately 3:13 p.m., the informant stopped his car and spoke to defendant, who was standing in a yard adjacent to the street. The informant paid defendant $80.00 for six rocks of crack cocaine, which weighed a total of .82 grams. Chief Abernathy had provided the informant a "BC Powder" plastic package to hold the cocaine rocks, and the informant returned that container with the crack cocaine to Chief Abernathy following the purchase. Defendant was later arrested in March 1997 and pleaded guilty to the sale and delivery of crack cocaine.

At the completion of the voir dire examination, and after considering arguments of counsel, the trial court made findings of fact as to the circumstances of and quantity of drugs involved in each offense. The trial court observed that the average dosage unit of a rock of crack cocaine is between .05 and .12 grams. In neither instance was the cocaine possessed by defendant individually packaged. The court further found that defendant's 1997 plea of guilty to the sale or delivery of .82 grams of crack cocaine supported an inference that his 2004 possession of the larger quantity of 1.6 grams of crack cocaine was with intent to sell. Based on these findings, the trial court held that evidence of defendant's 1997 conviction was admissible under Rule 404(b) to show defendant's intent. However, the trial court denied admission of defendant's 1997 indictment on the grounds that its prejudicial nature outweighed its probative value.

When the jury returned, the State called Chief Abernathy as a witness to describe the 1996 drug sale, played the audiotape recording of the drug sale, and introduced the defendant's transcript of plea and judgment. Defendant continually renewed his objections to the introduction of this evidence. The trial court admitted the evidence, then instructed the jury that the evidence could be considered only for the purpose of considering whether

defendant had the intent which is a necessary element of the crime that is charged in this case. If you believe this evidence you may consider it but only for the limited purpose of showing intent. You may not consider this evidence to prove the character of the defendant or that he acted in conformity therewith on the date of this offense.

The court repeated the essence of this instruction in the final charge to the jury before it began deliberations.

The jury convicted defendant of possession with intent to sell or deliver cocaine, and defendant appealed, assigning error to the admission of evidence of the 1996 crime. In a divided opinion, the Court of Appeals affirmed the trial court's decision to admit evidence of the 1996 crime under Rule 404(b), determining that the trial court reasonably concluded the 1996 and 2004 crimes were sufficiently similar and that the 1996 crime was relevant to show defendant's intent to sell or deliver cocaine in 2004. *State v. Carpenter,* —— N.C. App. ——, ——, 632 S.E.2d 538, 541-42 (2006). The dissenting judge, however, argued that the only similarity between the two offenses was that "defendant previously sold cocaine and is now charged with selling cocaine." *Id.* at ——, 632 S.E.2d at 543 (Elmore, J., concurring in part and dissenting in part). Thus, we must consider whether defendant's 1996 possession and sale of .82 grams of crack cocaine makes it more probable that he intended to sell 1.6 grams of the same drug in 2004.

North Carolina Rule of Evidence 404(b) provides:

(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b). We have characterized Rule 404(b) as a "general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). However, we have also observed that Rule 404(b) is "consistent with North Carolina practice prior to [the Rule's] enactment." *State v. DeLeonardo,* 315 N.C. 762, 770, 340 S.E.2d 350, 356 (1986); *accord State v. McKoy,* 317 N.C. 519, 525, 347 S.E.2d 374, 378 (1986). Before the enactment of Rule 404(b), North Carolina courts followed "[t]he general rule . . . that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. This is true even though the other offense is of the same nature as the crime charged." *State v. McClain,* 240 N.C. 171, 173, 81 S.E.2d 364, 365 (1954) (citations omitted); *see also*

*DeLeonardo*, 315 N.C. at 769, 340 S.E.2d at 355 ("Since *State v. McClain* . . . it has been accepted as an established principle in North Carolina that 'the State may not offer proof of another crime independent of and distinct from the crime for which defendant is being prosecuted even though the separate offense is of the same nature as the charged crime.'") (quoting *State v. Williams*, 303 N.C. 507, 513, 279 S.E.2d 592, 596 (1981)). As we explained in *McClain*, the general rule "rests on these cogent reasons":

(1) Logically, the commission of an independent offense is not proof in itself of the commission of another crime.

(2) Evidence of the commission by the accused of crimes unconnected with that for which he is being tried, when offered by the State in chief, violates the rule which forbids the State initially to attack the character of the accused, and also the rule that bad character may not be proved by particular acts, and is, therefore, inadmissible for that purpose.

(3) Proof that a defendant has been guilty of another crime equally heinous prompts to a ready acceptance of and belief in the prosecution's theory that he is guilty of the crime charged. Its effect is to predispose the mind of the juror to believe the prisoner guilty, and thus effectually to strip him of the presumption of innocence.

(4) Furthermore, it is clear that evidence of other crimes compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the charge immediately before it. The rule may be said to be an application of the principle that the evidence must be confined to the point in issue in the case on trial.

240 N.C. at 173-74, 81 S.E.2d at 365-66 (citations and quotation marks omitted); *see also McKoy*, 317 N.C. at 526, 347 S.E.2d at 378. Thus, while we have interpreted Rule 404(b) broadly, we have also long acknowledged that evidence of prior convictions must be carefully evaluated by the trial court.

Accordingly, we have observed that evidence admitted under Rule 404(b) "should be carefully scrutinized in order to adequately safeguard against the improper introduction of character evidence against the accused." *State v. Al-Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 122 (2002). When evidence of a prior crime is introduced,

the " 'natural and inevitable tendency' " for a judge or jury " 'is to give excessive weight to the vicious record of crime thus exhibited and either to allow it to bear too strongly on the present charge or to take the proof of it as justifying a condemnation, irrespective of the accused's guilt of the present charge.' " *Id.* at 154, 567 S.E.2d at 122-23 (quoting IA John Henry Wigmore, *Evidence* § 58.2, at 1212 (Peter Tillers ed., 1983)). Indeed, "[t]he dangerous tendency of [Rule 404(b)] evidence to mislead and raise a legally spurious presumption of guilt requires that its admissibility should be subjected to strict scrutiny by the courts." *State v. Johnson*, 317 N.C. 417, 430, 347 S.E.2d 7, 15 (1986).

In light of the perils inherent in introducing prior crimes under Rule 404(b), several constraints have been placed on the admission of such evidence. Our Rules of Evidence require that in order for the prior crime to be admissible, it must be relevant to the currently alleged crime. N.C.G.S. § 8C-1, Rule 401 (2005) (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *id.*, Rule 402 (2005) ("Evidence which is not relevant is not admissible."). In addition, "the rule of inclusion described in *Coffey* is constrained by the requirements of similarity and temporal proximity." *Al-Bayyinah*, 356 N.C. at 154, 567 S.E.2d at 123; *see also State v. Lynch*, 334 N.C. 402, 412, 432 S.E.2d 349, 354 (1993) ("The admissibility of evidence under [Rule 404(b)] is guided by two further constraints—similarity and temporal proximity."). This Court has stated that "remoteness in time is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident; remoteness in time generally affects only the weight to be given such evidence, not its admissibility." *State v. Stager*, 329 N.C. 278, 307, 406 S.E.2d 876, 893 (1991). Nevertheless, we note that the two offenses in the case at bar are separated by eight years. Moreover, as to the "similarity" component, evidence of a prior bad act must constitute " 'substantial evidence tending to support a reasonable finding by the jury that the defendant committed [a] *similar* act.' " *Al-Bayyinah*, 356 N.C. at 155, 567 S.E.2d at 123 (quoting *Stager*, 329 N.C. at 303, 406 S.E.2d at 890 (alteration in original)). "Under Rule 404(b) a prior act or crime is 'similar' if there are 'some unusual facts present in both crimes . . . .' " *Stager*, 329 N.C. at 304, 406 S.E.2d at 890 (citations omitted). Finally, if the propounder of the evidence is able to establish that a prior bad act is both relevant and meets the requirements

of Rule 404(b), the trial court must balance the danger of undue prejudice against the probative value of the evidence, pursuant to Rule 403. N.C.G.S. § 8C-1, Rule 403 (2005).

Defendant's prior drug conviction could be relevant to the instant offense under Rule 401. However, if the only relevancy is to show defendant's character " 'or his disposition to commit an offense of the nature of the one charged,' " it is inadmissible under Rule 404(b). *State v. Artis*, 325 N.C. 278, 299, 384 S.E.2d 470, 481 (1989) (quoting *State v. Young*, 317 N.C. 396, 412, 346 S.E.2d 626, 635 (1986)), *judgment vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990). Accordingly, we next consider whether evidence of the prior offense is permitted by Rule 404(b). Defendant contends evidence related to his 1996 sale of cocaine lacked sufficient similarity with his 2004 alleged crime of possession with intent to sell or deliver cocaine. The State responds that the trial court's conclusions of law were supported by its findings of fact. We begin with the State's contentions.

The State argues that defendant possessed significantly large quantities of cocaine in each case and that in each case the individual rocks were of a similar dosage size. However, these purported similarities do not stand up to scrutiny. In defendant's 1996 sale, six rocks were involved, while defendant possessed twelve rocks in the case at bar. The total weight of cocaine in the instant case, 1.6 grams, is almost twice the .82 grams of cocaine that defendant sold in 1996. At most, the trial court found that both cases involved multiple dosages of crack cocaine but made no findings as to the significance of these quantities. Thus, the findings do not establish whether these amounts are pertinent to defendant's alleged intent to sell and distribute. Moreover, we see more differences than similarities when both the quantity and weight of the contraband in the two cases differ by almost precisely 100 percent.

The State also claims the trial court correctly identified a similarity between the 1996 sale of cocaine and the 2004 alleged crime because, in both instances, the crack cocaine rocks were not individually wrapped. This finding is accurate. However, as Chief Abernathy later explained in his testimony before the jury, rocks of crack cocaine are not normally individually packaged:

Q. Now, based on your training and experience what is the way in which crack cocaine is sold?

A. By a dosage unit.

Q. And what is a dosage unit?

A. A rock, one rock.

Q. And are these rocks usually packaged in some kind of paper or plastic?

A. Not normally. Sometimes you did get them packaged, but not normally, no.

. . . .

Q. Now, you testified that based on your experience crack is not generally packaged in a package by the person who is selling it?

A. Under these circumstances, no, not normally. During drive-up buys and whatever, no, it's usually loose.

We acknowledge that this testimony was given at trial, after the trial court made its ruling on the admissibility of the evidence. Nevertheless, this testimony establishes that the supposed similarity between 1996 and 2004 describes only generic behavior. When the State's efforts to show similarities between crimes establish no more than "characteristics inherent to most" crimes of that type, the State has "failed to show . . . that sufficient similarities existed" for the purposes of Rule 404(b). *Al-Bayyinah*, 356 N.C. at 155, 567 S.E.2d at 123. In *Al-Bayyinah*, we deemed the "use of a weapon, a demand for money, [and] immediate flight" to be generic because those characteristics were "inherent to most armed robberies" and thus inadmissible under Rule 404(b). *Id.* For the same reasons, the lack of individual packaging of these cocaine rocks is neither an "unusual fact" nor a "particularly similar act" common to defendant's 1996 crime and his 2004 alleged offense. *Stager*, 329 N.C. at 304, 406 S.E.2d at 890-91; *State v. Green*, 321 N.C. 594, 603, 365 S.E.2d 587, 593, *cert. denied*, 488 U.S. 900, 102 L. Ed. 2d 235 (1988); *State v. Riddick*, 316 N.C. 127, 133, 340 S.E.2d 422, 426 (1986).

In response, defendant argues that the offenses were not similar. In 1996, the crime took place in the afternoon in a high crime area when defendant sold six rocks of crack cocaine to a police informant who approached him to make a purchase. The informant placed these rocks in a "BC Powder" plastic package provided by the police. In 2004, defendant was a passenger in a car stopped at night for a routine traffic offense across from a community college. The police officer searched defendant and found twelve rocks of crack cocaine in

defendant's small cylindrical tube, but did not discover normal indices of drug selling, such as scales, a pager, or cash.

In *Al-Bayyinah*, we found two robberies to be dissimilar from each other when the facts and circumstances differed:

> In the first Splitt robbery, the robber rushed into the store and immediately demanded money, while in the second, the robber pretended to be a legitimate customer before demanding money. In the first robbery, the man used a gun; in the second, gasoline and a lighter. The first robbery took place in the early morning, and the second occurred at night. The first robber was masked, while the second was not.

356 N.C. at 155, 567 S.E.2d at 123. Those two robberies were themselves deemed dissimilar from a third robbery, in which the robber surprised the victim from behind, hit him on the back of the head, and stabbed him. *Id.* We concluded that "substantial evidence of similarity among the prior bad acts and the crimes charged is . . . lacking." *Id.* By way of contrast, we found numerous significant similarities between two shootings in *Stager*, when:

> (1) each of the defendant's husbands had died as a result of a single gunshot wound, (2) the weapon in each case was a .25 caliber semi-automatic handgun, (3) both weapons were purchased for the defendant's protection, (4) both men were shot in the early morning hours, (5) the defendant discovered both victims after their respective shootings, (6) the defendant was the last person in the immediate company of both victims, (7) both victims died in the bed that they shared with the defendant, and (8) the defendant benefitted from life insurance proceeds resulting from both deaths.

329 N.C. at 305-06, 406 S.E.2d at 892.

While some of the disparities between defendant's 1996 offense and the case at bar might be peripheral standing alone, we consider them in their totality. The 1996 sale and the alleged 2004 possession with intent to sell differed in numerous material aspects. Neither the collective weight of the crack cocaine nor the unpackaged state of the rocks, whether considered as separate factors or together, makes the past crime and the instant offense "similar" as we have interpreted that term in this context. Accordingly, defendant's 1996 sale of cocaine, as a prior bad act, did not constitute "substantial evidence tending to support a reasonable finding by the jury that the defendant

IN RE A.R.G.

[361 N.C. 392 (2007)]

committed [a] *similar* act," and hence was inadmissible under Rule 404(b). *Al-Bayyinah*, 356 N.C. at 155, 567 S.E.2d at 123 (citations and quotation marks omitted).

We next consider whether the trial court's error in admitting this evidence was prejudicial. "A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2005); *see also Al-Bayyinah*, 356 N.C. at 157, 567 S.E.2d at 124. The only other evidence of defendant's intent to sell or deliver that we perceive in the record is the quantity of drugs. While this Court recognizes that "[t]he mere quantity of the controlled substance alone may suffice to support the inference of an intent to transfer, sell or deliver," *State v. Morgan*, 329 N.C. 654, 659, 660, 406 S.E.2d 833, 835, 836 (1991) (holding that 28.3 grams of cocaine was a substantial amount sufficient to support the inference that defendant intended to sell the drugs), the quantity here was not great. The inference afforded by the amount of drugs in defendant's possession does not outweigh the prejudice caused by the erroneous admission of his prior conviction. Accordingly, we deem the error prejudicial. N.C.G.S. § 15A-1443(a). We reverse the Court of Appeals and remand this case to that court with instructions to vacate defendant's conviction for possession of cocaine with the intent to sell or deliver and to further remand this case to the trial court for a new trial.

REVERSED AND REMANDED; NEW TRIAL.