STATE OF NORTH CAROLINA,
v.
CARLTON LAVARR KIMBROUGH, Defendant.
No. COA09-822.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tawanda Foster-Williams, for the State.
Charlotte Gail Blake for defendant-appellant.
GEER, Judge.
Defendant Carlton Lavarr Kimbrough appeals from his convictions of felony possession of cocaine, possession of marijuana, and of being a habitual felon. Defendant contends the trial court erred in admitting evidence of his 2004 possession of cocaine for the purpose of showing a common plan or scheme to engage in drug activity under Rule 404(b) of the Rules of Evidence. In light of defendant's confession, however, even assuming arguendo that the 2004 incident was inadmissible, any error committed by the trial court was harmless.

Facts
At trial, the State's evidence tended to show the following. On 15 October 2007, Winston-Salem police officers were attempting to serve defendant with an arrest warrant for a traffic offense and found him sitting on an apartment porch. Defendant's girlfriend and their five children lived in the apartment. When the officers approached, defendant got up and stood behind the apartment's screen door. The officers detected the odor of burned marijuana coming from inside the apartment and handcuffed defendant. They then obtained permission from defendant's girlfriend to search the apartment.
Inside a diaper bag about 10 to 15 feet from the screen door, the officers discovered, sitting on top of the normal contents of a diaper bag, one plastic bag containing crack cocaine and another containing marijuana. The cocaine was individually packaged into nine separate, smaller plastic bags. SBI testing confirmed the substances were 2.1 grams of marijuana and 2.8 grams of cocaine. After waiving his Miranda rights, defendant admitted in a written statement to owning the drugs. At trial, however, defendant testified the drugs were not his and that he only confessed to protect his family.
Prior to trial, the State filed a "Notice of Intent to Use 404(b) Evidence." That evidence consisted of testimony from a police officer who arrested defendant for possession of cocaine on 21 September 2004. Defendant sought to exclude the testimony. During voir dire testimony, the officer stated that in 2004, he approached defendant based on a tip from a confidential informant that a man matching defendant's description had crack cocaine. When the officer approached defendant, he could smell burned marijuana. Defendant told the officer that he had been smoking marijuana, but denied having any in his possession. When the officer searched defendant, he found 1.67 grams of crack cocaine in a plastic bag in defendant's sweatshirt pocket. The incident took place within about one and a half blocks of where defendant was arrested in this case.
The trial court concluded the evidence was admissible pursuant to Rules 402, 403, and 404(b) because it had sufficient probative value and tended to show a common scheme or plan by defendant to engage in drug activity. The trial court also instructed the jury that the limited purpose of the evidence was to demonstrate a common scheme or plan.
The jury convicted defendant of felony possession of cocaine and misdemeanor possession of marijuana. Defendant pled guilty to being a habitual felon, and the trial court sentenced defendant to a presumptive-range term of 107 to 138 months imprisonment. Defendant timely appealed to this Court.

Discussion
Defendant's sole argument on appeal is that the trial court improperly admitted evidence of his 2004 possession of cocaine. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C.R. Evid. 404(b). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Id.
Rule 404(b) is "a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). "[T]he ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403." State v. Boyd, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988).
In State v. Carpenter, 361 N.C. 382, 383, 646 S.E.2d 105, 107 (2007), the defendant appealed his conviction of possession with intent to sell or deliver cocaine on the grounds that the trial court erred in admitting evidence of a prior drug conviction. The State argued the evidence was admissible because the prior conviction was sufficiently similar to the alleged crime. Id. at 389, 646 S.E.2d at 110. The State pointed out that in each instance, the defendant possessed significantly large quantities of cocaine and the rocks of cocaine were not individually wrapped. Id. The Court, however, reasoned that "this testimony establishes that the supposed similarity between 1996 and 2004 describes only generic behavior" and held the evidence was inadmissible under Rule 404(b). Id. at 390, 646 S.E.2d at 111.
Defendant contends that only generic behavior ties his 2004 cocaine possession and the current charges, thereby rendering evidence of the 2004 incident inadmissible under Rule 404(b). Even, however, if we assume, without deciding, that the trial court did err in admitting the evidence, defendant has failed to demonstrate prejudice. To show prejudice, defendant must show "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A1-443(a) (2009).
Here, the drugs were found sitting on top of a diaper bag's contents only 10 to 15 feet away from defendant, who had seen the officers approaching. The apartment was leased by the mother of defendant's five children, Nevia McIntyre, but Ms. McIntyre was not downstairs at the time the drugs were found. Defendant subsequently, at the jail, admitted orally and in writing that the drugs in the diaper bag belonged to him, after he was read his Miranda rights and after he signed and initialed an adult rights waiver form. Although defendant testified at trial that the drugs were not his and he only said otherwise to protect his family, we do not believe, in light of the confession, that there is a reasonable possibility that the jury would have reached a different verdict had the evidence of the 2004 incident been excluded. Accordingly, we hold defendant received a trial free of prejudicial error.
No error.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).