NO. COA14-528

 NORTH CAROLINA COURT OF APPEALS

 Filed: 3 February 2015

STATE OF NORTH CAROLINA

 v. Cumberland County
 No. 12 CRS 59816
MARCUS WADDELL

 Appeal by Defendant from judgment entered 18 September 2013

by Judge James F. Ammons, Jr. in Superior Court, Cumberland

County. Heard in the Court of Appeals 20 October 2014.

 Attorney General Roy Cooper, by Assistant Attorney General
 Caroline Farmer, for the State.

 Appellate Defender Staples Hughes, by Assistant Appellate
 Defender Jillian C. Katz, for Defendant.

 McGEE, Chief Judge.

 Marcus Waddell (“Defendant”) appeals his conviction of

felony indecent exposure, which involved Defendant publically

exposing himself in the presence of a fourteen-month-old male

child. Defendant contends that the trial court impermissibly

allowed testimony of two adult women at trial who described

previous instances where Defendant allegedly exposed himself in

public. We disagree.

 I. Background
 -2-

 At the time the following events occurred, Victoria Hardin

(“Ms. Hardin”), an adult woman, worked at a law firm on Dick

Street in downtown Fayetteville, located several blocks from the

Cumberland County courthouse (“the courthouse”). Ms. Hardin

left work on 25 July 2012 at approximately 4:30 in the

afternoon, accompanied by her mother and fourteen-month-old son.

While they made their way to Ms. Hardin’s car, a man, identified

at trial as Defendant, approached Ms. Hardin with his pants

down, called out to get her attention, and began shaking his

penis at her and moving his hand “up and down.” Ms. Hardin and

her mother quickly entered Ms. Hardin’s car, along with Ms.

Hardin’s son. As Ms. Hardin attempted to put her car in

reverse, Defendant moved behind the car and began doing jumping

jacks. Defendant then walked down Dick Street and was

apprehended by the police shortly thereafter.

 At trial, the State presented testimony from two adult

women who reported other instances of Defendant exposing himself

in public. The trial court allowed this testimony under N.C.

Gen. Stat. § 8C-1, Rule 404(b) to show intent, plan, or absence

of mistake by Defendant (“the 404(b) testimony”). The jury

found Defendant guilty of felony indecent exposure. Defendant

appeals.

 II. Analysis
 -3-

 The elements of felony indecent exposure are that an adult

willfully expose the adult’s “private parts” (1) in a public

place, (2) “in the presence of” a person less than sixteen years

old, and (3) “for the purpose of arousing or gratifying sexual

desire.” N.C. Gen. Stat. § 14-190.9(a1) (2013). On appeal,

Defendant requests a new trial on the grounds that the trial

court erred by admitting the 404(b) testimony.

 “We review de novo the legal conclusion that the evidence

is, or is not, within the coverage of Rule 404(b) of the North

Carolina Rules of Evidence.” State v. Beckelheimer, 366 N.C.

127, 130, 726 S.E.2d 156, 158–59 (2012). Under Rule 404(b),

evidence of other crimes, wrongs, or acts may be admissible to

prove “motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake, entrapment[,] or

accident” by a defendant, although such evidence “is not

admissible to prove the character of [the defendant] in order to

show that he acted in conformity therewith.” N.C. Gen. Stat. §

8C-1, Rule 404(b) (2013). The rule also is “constrained by the

requirements of similarity and temporal proximity” between the

earlier acts and the offense with which the defendant is

charged.1 State v. Al-Bayyinah, 356 N.C. 150, 154–55, 567 S.E.2d

 1
 Defendant’s arguments on appeal apply only to the
similarity prong of 404(b), and we will limit our analysis
 -4-

120, 123 (2002) (citation omitted). In order to satisfy the

similarity prong of Rule 404(b), “the similarities need not be

unique and bizarre.” State v. Stevenson, 169 N.C. App. 797,

800, 611 S.E.2d 206, 209 (2005) (citation and quotation marks

omitted). A prior incident is sufficiently similar if there are

“some unusual facts present in both crimes[.]” State v.

Carpenter, 361 N.C. 382, 388, 646 S.E.2d 105, 110 (2007)

(citation and quotation marks omitted). Testimony offered

pursuant to Rule 404(b) may be inadmissible if the details it

will reveal are entirely “generic to the act” it describes. See

Al-Bayyinah, 356 N.C. at 155, 567 S.E.2d at 123.

 Defendant first challenges the 404(b) testimony on the

grounds that this testimony provided only “generic features of

the charge of indecent exposure.” In support of this

contention, Defendant relies on Al-Bayyinah. In Al-Bayyinah,

the defendant was charged with attempted robbery of a particular

grocery store. Id. at 151–52, 567 S.E.2d at 121. The trial

court allowed 404(b) testimony of previous robberies of the same

store, but that testimony revealed only that the culprit in the

previous robberies “wore dark, nondescript clothing that

obscured his face; carried a weapon; demanded money; and fled

accordingly. N.C. R. App. P. Rule 28(a) (“Issues not presented
and discussed in a party’s brief are deemed abandoned.”).
 -5-

upon receiving it.” Id. at 155, 567 S.E.2d at 123. On appeal

from the defendant’s conviction for the robbery, our Supreme

Court found that this 404(b) testimony merely described facts

“generic to the act of robbery,” noted that the earlier

robberies were factually dissimilar from the one being tried,

and held that this 404(b) testimony was therefore admitted in

error. Id. at 155–57, 567 S.E.2d at 123–24.

 However, our Court has allowed 404(b) testimony that

describes “common locations, victims, [and] type of crime,”

between previous and present instances of unlawful conduct.

State v. Gordon, __ N.C. App. __, __, 745 S.E.2d 361, 364, disc.

review denied, __ N.C. __, 749 S.E.2d 859 (2013). For instance,

in Gordon, which involved a robbery in a Wal-Mart parking lot,

previous instances of the Gordon defendant committing similar

robberies was held admissible under Rule 404(b) where

 [e]ach of these incidents occurred in or in
 the vicinity of a Wal–Mart parking lot; that
 each of the victims in this matter were
 female and alone; that each of the incidents
 involved a common law robbery, the purse
 snatching, a grab and dash type of crime;
 that these incidents occurred within six
 weeks of one another, one in Statesville,
 one in Mooresville, which are approximately
 [twenty] miles apart; and in each incident,
 the alleged perpetrator of the crime . . .
 was a black male.
 -6-

Id. Similarly, in the present case, the 404(b) testimony

indicated that (1) Defendant exposed himself to adult women, who

were either alone or in pairs, (2) he did so in or in the

vicinity of businesses near the courthouse in downtown

Fayetteville, and (3) each instance involved Defendant exposing

his genitals with his hand on or under his penis. Just as in

Gordon, this 404(b) testimony revealed numerous unique details

of “common locations, victims, [and] type of crime” that rose

above facts “generic to the act” of public exposure.

Defendant’s argument is without merit.

 Defendant also contends that the incidents described in the

404(b) testimony are fundamentally dissimilar to Defendant’s

public exposure on 25 July 2012 because the 404(b) testimony

came from adult women, whereas the purported “victim” in the

present case is a fourteen-month-old male child. In support of

this position, Defendant relies on State v. Dunston, 161 N.C.

App. 468, 588 S.E.2d 540 (2003). In Dunston, the defendant was

accused of having anal sex with a twelve-year-old child. Id. at

469, 588 S.E.2d at 542. However, the trial court erred by

allowing 404(b) testimony from the defendant’s wife that the

couple regularly had anal sex. Id. at 473–74, 588 S.E.2d at

544–45. This Court held that “the fact defendant engaged in and

liked consensual anal sex with an adult, whom he married, is not
 -7-

by itself sufficiently similar to engaging in anal sex with an

underage victim . . . to be admissible under Rule 404(b).” Id.

In the present case, Defendant maintains that, because the

404(b) testimony came from adult women, “[n]othing about [the

404(b) testimony] would shed light on why [Defendant] would

expose himself to a [male] child.” (emphasis added).

 We disagree not only with Defendant’s conclusion, but we

also disagree with his assumption that whether Defendant exposed

himself “to” a child is relevant to our analysis. N.C.G.S.

§ 14-190.9(a1) requires only that Defendant expose himself “in

the presence of” someone under sixteen. North Carolina’s

appellate Courts consistently have interpreted the phrase “in

the presence of” in N.C.G.S. § 14-190.9 by its plain meaning.

In order to convict a defendant of indecent exposure in public,

the exposure need only be in the presence of another person; it

need not be seen by, let alone directed at, another person. See

State v. Fly, 348 N.C. 556, 561, 501 S.E.2d 656, 659 (1998)

(“[The statute] does not require that private parts be exposed

to [a person] before the crime is committed, but rather that

they be exposed ‘in the presence of’ [another person].”); State

v. Fusco, 136 N.C. App. 268, 270, 523 S.E.2d 741, 742 (1999)

(“Indecent exposure involves exposing one's self ‘in the
 -8-

presence of’ [another] person . . . . The victim need not

actually see what is being exposed.” (citation omitted)).2

 In the present case, Defendant acknowledges in his own

brief that he exposed himself to Ms. Hardin outside of a

business near the courthouse in downtown Fayetteville, that he

had his hand on his penis when he did so, and that he “shook”

his penis at her. That this particular public exposure also

happened to take place in the presence of a child is not

dispositive of the other similarities between this event and

those described in the 404(b) testimony. Therefore, Dunston is

distinguishable from the present case, and we are unpersuaded by

Defendant’s argument.

 Defendant attempts to further distinguish the 404(b)

testimony from his exposure to Ms. Hardin by noting that Ms.

 2
 Although the present case involves Defendant’s conviction
of felony indecent exposure under N.C.G.S. § 14-190.9(a1), Fly
and Fusco interpreted an older version of North Carolina’s
misdemeanor indecent exposure statute, N.C.G.S. § 14-190.9(a).
Before 2005, in order to convict for misdemeanor indecent
exposure under N.C.G.S. § 14-190.9(a), the State had to prove
not only that a defendant’s exposure occurred in public and in
the presence of another person, but it also had to prove that
this exposure occurred in the presence of a member “of the
opposite sex.” See 2005 N.C. Sess. Laws ch. 226, § 1. As such,
the analyses in Fly and Fusco are still applicable in the
present case, at least to the extent they inform this Court how
to interpret the phrase “in the presence of” as it applies to
Defendant exposing himself “in the presence of” a member of a
particular class of people, presently a child under the age of
sixteen.
 -9-

Hardin expressly described Defendant’s conduct as

“masturbating,” while the 404(b) witnesses did not. However,

nothing in our caselaw indicates that the previous acts

described in 404(b) testimony must be completely identical to

the acts charged in order to be admissible; there need only be

“some unusual facts present in both” the past and present

instances of conduct to make them sufficiently similar. See

Carpenter, 361 N.C. at 388, 646 S.E.2d at 110. As already

discussed, there are numerous unique similarities between

Defendant’s conduct described in the 404(b) testimony and in Ms.

Hardin’s account, which we find satisfies the similarity prong

of Rule 404(b). Defendant’s distinction, to the extent that

there is one, is not dispositive of these similarities.

Therefore, Defendant’s argument is without merit.

 Defendant further contends that the 404(b) testimony

nonetheless was unduly prejudicial and should have been excluded

under Rule 403 of the North Carolina Rules of Evidence. Under

Rule 403, evidence “may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice” to a

defendant. N.C. Gen. Stat. § 8C-1, Rule 403 (2013). Whether to

exclude evidence under Rule 403 is a matter of discretion of the

trial court and that decision will be reversed “only upon a

showing that [the trial court’s] ruling was manifestly
 -10-

unsupported by reason and could not have been the result of a

reasoned decision.” State v. Lakey, 183 N.C. App. 652, 654, 645

S.E.2d 159, 160–61 (2007) (citation and quotation marks

omitted). Moreover, we generally will not overturn a trial

court’s decision to admit evidence under Rule 403 where “a

review of the record reveals that the trial court was aware of

the potential danger of unfair prejudice to [the] defendant and

was careful to give a proper limiting instruction to the jury.”

See Beckelheimer, 366 N.C. at 133, 726 S.E.2d at 160 (citation

and quotation marks omitted).

 In the present case, the trial court held voir dire

examinations of the State’s 404(b) witnesses, and it even

excluded a possible third 404(b) witness because she could not

state in open court that Defendant was the same man who had

exposed himself to her in the past. The trial court found that

the 404(b) testimony was admissible to show “some evidence of

intent, plan, or absence of mistake in this case” because

Defendant “has shown a pattern of exposing himself to [adult]

females in the courthouse area” in downtown Fayetteville.

Moreover, the trial court expressly instructed the jury that it

could only consider the 404(b) evidence for these limited

purposes. As such, our review of the record reveals that the

trial court was aware of the potential danger of unfair
 -11-

prejudice to Defendant by allowing the 404(b) testimony and that

it gave a proper limiting instruction to the jury in response.

At the very least, in light of our above analysis, and in spite

of Defendant’s contention that the introduction of the 404(b)

testimony “allowed the State to change the focus of the case

from the credibility of Ms. Hardin’s account of the incident to

the character of [Defendant],” we find that the trial court’s

decision to not exclude the 404(b) testimony under Rule 403 was

not manifestly unsupported by reason.

 No error.

 Judges STEPHENS and DIETZ concur.