STATE OF NORTH CAROLINA v. GUSTARIVUS WHITAKER

No. 9018SC727

(Filed 2 July 1991)

**1. Rape and Allied Offenses § 4.1 (NCI3d) — second degree sexual offense — similar offense — admissible**

The trial court did not err in a prosecution for second degree sexual offense and burglary by admitting evidence that defendant had committed a similar break-in and sexual offense about one month earlier. The evidence was admissible under N.C.G.S. § 8C-1, Rule 404(b) to show intent, identity, common scheme, plan, or design; the probative value substantially outweighed the danger of unfair prejudice, and the court's charge to the jury correctly stated the limited purpose of the evidence. N.C.G.S. § 8C-1, Rule 403.

Am Jur 2d, Rape § 71.

Admissibility, in rape case, of evidence that accused raped or attempted to rape person other than prosecutrix. 2 ALR4th 330.

2. **Criminal Law § 750 (NCI4th) — sexual offense and burglary — instruction on reasonable doubt — no error**

   The trial court did not err in a prosecution for second degree sexual offense and burglary in its instruction on reasonable doubt where the court did not instruct the jury that evidence beyond a reasonable doubt is proof that satisfies one to a moral certainty of the charge. Defendant concedes that the court correctly defined reasonable doubt; more was not required.

   **Am Jur 2d, Trial §§ 827, 829-831, 841.**

APPEAL by defendant from judgments entered 5 March 1990 by *Judge Melzer A. Morgan, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 23 January 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lorinzo L. Joyner, for the State.*

*Assistant Public Defender Frederick G. Lind for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of second degree sexual offense in violation of G.S. 14-27.5(a)(1) and first degree burglary in violation of G.S. 14-51 upon evidence which tends to show that he broke into Susan Farmer's home located on Elmer Street in Greensboro during the early morning hours of 23 August 1989 and sexually assaulted her. He contends that the court erred to his prejudice in receiving evidence of another crime allegedly committed by him and in charging the jury. The contentions are without merit and we find no error.

[1]   Over defendant's objection and for the limited purpose of showing his identity, intent and common plan or scheme, the trial court permitted the State to introduce evidence that defendant committed a similar break-in and sexual offense on 21 July 1989. The other residence broken into was about two blocks from Ms. Farmer's house; both incidents occurred in the early morning hours after the perpetrator entered the residence involved through a window; during the course of each assault the perpetrator repeatedly admonished his victim not to look at him; in one instance the perpetrator ʰᵃd vaginal intercourse with the victim and performed cunnilingᵘ⸌

on her, in the other he stated his intention to rape the victim but had time only to perform cunnilingus before barking dogs frightened him away; both victims correctly described defendant's physical characteristics and made unequivocal in-court and out-of-court identifications of him. The evidence was admissible under Rule 404(b), N.C. Rules of Evidence, to show intent, identity, common scheme, plan or design, *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954), and Rule 403 in that the probative value of the evidence substantially outweighed the danger of unfair prejudice to defendant's case, *State v. Boyd*, 321 N.C. 574, 364 S.E.2d 118 (1988), and the court's charge to the jury correctly stated the limited purpose of the evidence.

**[2]** Conceding that in instructing the jury the trial court correctly defined reasonable doubt, defendant nevertheless argues that the court erred in failing to include a portion of the definition of reasonable doubt found in *State v. Hammonds*, 241 N.C. 226, 232, 85 S.E.2d 133, 138 (1954), to the effect that evidence beyond a reasonable doubt is proof that satisfies one to a moral certainty of the truth of the charge. Having adequately charged the jury on reasonable doubt, the court was not required to do more. *State v. Avery*, 315 N.C. 1, 337 S.E.2d 786 (1985).

No error.

Judges EAGLES and WYNN concur.