STATE OF NORTH CAROLINA v. JEREMY TYLER MARTIN

No. COA07-1392

(Filed 5 August 2008)

**1. Evidence— prior crimes or bad acts—admissible for motive and intent—not too remote in time**

The trial court did not err by admitting testimony of an attempted burglary defendant's prior acts of breaking and entering and larceny. The prior acts were admissible to show motive and intent, and the time span of two years was not too remote, although remoteness in time is less significant when the prior conduct is used to show intent or motive.

STATE v. MARTIN

[191 N.C. App. 462 (2008)]

**2. Evidence— prior crimes or bad acts—burglary prosecution—marijuana possession—motive**

The trial court did not err in an attempted burglary prosecution by admitting a prior act of marijuana possession. The evidence was relevant to show motive in that defendant needed money, and the prior act occurred just days before the alleged attempted burglary.

**3. Evidence— prior crimes or bad acts—sufficiently similar and timely**

The trial court did not err in an attempted burglary prosecution by admitting defendant's prior act of breaking and entering and larceny where the two incidents were sufficiently similar in that defendant attempted or did enter through a window, both residences were in the same neighborhood, a gun registered to defendant's grandfather was recovered from the earlier scene, and the incidents were only six months apart.

**4. Burglary and Unlawful Breaking or Entering— instruction—prior crimes or bad acts—intent and motive—no plain error**

There was no plain error in an attempted burglary prosecution where the trial court instructed the jury to consider prior acts only to determine intent and motive and did not include language that the jury could not consider the evidence to prove the character of defendant or that he acted in conformity therewith. The court's instruction was substantially similar to the pattern jury instruction; while the additional instructions would not have been inappropriate, it is incumbent on defendant to make those requests to the trial court.

**5. Appeal and Error— preservation of issues—objection at trial—argument in brief**

The Court of Appeals did not consider defendant's contentions concerning the cross-examination of his grandmother in a prosecution for attempted burglary where defendant did not cite authority for his proposition and abandoned it, or did not object at trial and did not specifically argue plain error.

**6. Burglary and Unlawful Breaking or Entering— attempted—fingers underneath a screen**

The trial court did not err by denying a motion to dismiss a charge of attempted first-degree burglary where the State presented evidence that defendant removed a portion of a window screen and inserted his fingers underneath the screen in the nighttime.

STATE v. MARTIN

[191 N.C. App. 462 (2008)]

**7. Appeal and Error— preservation of issues—failure to cite authority**

Defendant abandoned his argument concerning the prosecutor's argument about prior acts where he failed to cite authority in support of his contention.

**8. Burglary and Unlawful Breaking or Entering— attempted first-degree—no charge on lesser-included offense**

The trial court did not err in a prosecution for attempted first-degree burglary by not instructing the jury on the lesser-included offense of attempted misdemeanor breaking and entering. The State presented sufficient evidence to submit the attempted burglary charge to the jury, and no evidence was presented to suggest that defendant's intent was anything other than to commit a felony within the home.

Appeal by defendant from judgment entered 20 July 2007 by Judge Paul C. Ridgeway in Person County Superior Court. Heard in the Court of Appeals 30 April 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Catherine F. Jordan, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Terri W. Sharp, for defendant-appellant.*

HUNTER, Judge.

Jeremy Tyler Martin ("defendant") appeals from a judgment entered on 20 July 2007 pursuant to a jury verdict finding him guilty of attempted first degree burglary. Defendant was sentenced to a minimum of thirty-two months' imprisonment and a maximum of forty-eight months' imprisonment. After careful review, we find defendant's trial to be free from error.

The State presented evidence tending to show that on 29 March 2007, around 8:30 p.m., Deborah Rickman ("Mrs. Rickman") was at home with her husband, police officer Ken Rickman ("Mr. Rickman"), and their two children. Mrs. Rickman was taking a bath when she "heard this racket going on outside, like loud four wheelers." Mrs. Rickman heard her dog barking and looked out the bathroom window and saw defendant walk around the corner of her house.

Mrs. Rickman then heard scratching at her bedroom window. She pulled back the window shade on the bedroom window and saw

STATE v. MARTIN

[191 N.C. App. 462 (2008)]

defendant on the other side of the window, pulling on the window and a cord attached to the window. Defendant had put his fingers around the window screen and had pushed the window off of its track.

Mrs. Rickman saw a man's face on the other side of the window and recognized him as defendant. She testified that defendant was wearing a white t-shirt at the time. She had known defendant for five or six years because defendant's parents live near the Rickmans' home and "he's very well known in [the] neighborhood." She testified that the lights were on both inside her bedroom and outside where defendant was standing.

When defendant saw Mrs. Rickman, he walked away from the window, and went along the side of the house. Mrs. Rickman ran outside to the front porch, saw defendant standing outside, made eye contact with him and said, "Jeremy Martin, get off my property now."

Mrs. Rickman then walked back inside her home, awoke her husband, and told him that "Jeremy Martin was trying to break into the house." Mr. Rickman retrieved his gun, walked outside to the porch, and fired a few warning shots into the air. Mr. Rickman then called 911 at 8:48 p.m.

Defendant's grandmother, Emily Martin, testified on behalf of defendant at trial. Ms. Martin testified that she picked up defendant from his father's home around 7:30 p.m. She testified that defendant was wearing a royal blue shirt and khaki pants. They then went to a CVS pharmacy, with defendant remaining in the car, while Ms. Martin shopped for approximately thirty minutes. The two then went to a Bojangles' restaurant and then went home.

Defendant presents the following issues for this Court's review: (1) whether the trial court erred in admitting testimony of other crimes and/or wrongs committed by defendant; (2) whether the trial court committed plain error in its limiting instruction regarding the other crimes and/or wrongs alleged to have been committed by defendant; (3) whether the trial court erred in allowing the State to cross-examine Ms. Martin about defendant's prior record, sentences, and the length of sentence he might face were he convicted; (4) whether the trial court erred in failing to dismiss the charges against defendant; (5) whether the trial court erred in overruling defendant's objection to the State's arguments regarding defendant's prior criminal record; and (6) whether the trial court erred in refusing defendant's requested instructions on attempted misdemeanor breaking and entering.

I.

Defendant first argues that the trial court erred in admitting testimony of prior bad acts of defendant. We disagree.

We review a trial court's decision on admission or exclusion of evidence for abuse of discretion. *Brown v. City of Winston-Salem*, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (2006). An abuse of discretion will be found where the trial court's decision is so arbitrary that it could not have been the result of a reasoned decision. *Id.*

As a general matter, character evidence is not admissible to prove conformity therewith. *State v. Bogle*, 324 N.C. 190, 201, 376 S.E.2d 745, 751 (1989). Under N.C.R. Civ. P. 404(b), however, evidence of other crimes, wrongs or acts is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007).

Rule 404(b) is a "rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). In other words, evidence of other crimes or wrongs committed by a defendant is admissible even if it shows a propensity to act in comformity therewith "so long as it also 'is relevant for some purpose *other than* to show that defendant has the propensity for the type of conduct for which he is being tried.' " *State v. Bagley*, 321 N.C. 201, 206-07, 362 S.E.2d 244, 247 (1987) (quoting *State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986)).

"Even if offered for a proper purpose under Rule 404(b)," the evidence still must be relevant, "and such evidence is not relevant unless it 'reasonably tends to prove a material fact in issue' other than the character of the accused.' " *State v. Haskins*, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991) (citations omitted). If relevant and proper under Rule 404(b), the evidence still must satisfy the Rule 403 balancing test. Under that rule, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2007). "Whether to exclude evidence under Rule 403 is a matter left to the sound discretion of the trial court." *Coffey*, 326 N.C. at 281, 389 S.E.2d at 56.

Thus, in summation, we must first determine whether the evidence was offered for a proper purpose under Rule 404(b), then determine whether the evidence is relevant under Rule 401, and finally determine whether the trial court abused its discretion in balancing the probative value of the evidence under Rule 403.

In determining whether the prior acts "are offered for a proper purpose, the ultimate test of admissibility is 'whether the [prior acts] are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of . . . Rule 403.' " *State v. Pruitt*, 94 N.C. App. 261, 266, 380 S.E.2d 383, 385 (1989) (citation omitted). In the instant case, defendant argues that the following prior acts should not have been admitted: (1) defendant's prior acts of breaking and entering and larceny on 24 April 2005 and 28 April 2005; (2) defendant's prior act of marijuana possession; and (3) defendant's prior bad acts of breaking and entering and larceny on 4 October 2006. We address each in turn.

A.  Defendant's prior acts of breaking and entering and larceny
on 24 April 2005 and 28 April 2005

[1] Person County Sheriff's Department Sergeant A.J. Weaver testified that: (1) on 28 April 2005, defendant committed breaking and entering of a motor vehicle and misdemeanor larceny of property; and (2) on 24 April 2005, defendant committed breaking and entering of a residence and misdemeanor larceny of property. Defendant pled guilty to misdemeanor possession of stolen goods arising out of the 28 April 2005 charges, and felony possession of stolen goods arising out of the 24 April 2005 charges.

The State argues that evidence of defendant committing a larceny after he broke and entered the motor vehicle and residence is admissible under Rule 404(b) to show defendant's motive and intent to commit a larceny. Specifically, the State argues that the evidence of the prior acts "are not too remote in time because defendant committed the prior acts two years before his 29 March 2007 attempted first degree burglary" and they are "sufficiently similar because defendant broke into a motor vehicle and a residence and committed a larceny with the two prior acts[.]" We agree.

As to time, "remoteness in time is less significant when[,]" as is the case here, "the prior conduct is used to show intent [or] motive[.]" *State v. Stager*, 329 N.C. 278, 307, 406 S.E.2d 876, 893 (1991). Instead, "remoteness in time generally affects only the weight to be given such evidence, not its admissibility." *Id.* In determining whether the prior

acts are sufficiently similar, for purposes of showing motive or intent, the similarities need not " 'rise to the level of the unique and bizarre.' " *Id.* at 304, 406 S.E.2d at 891 (citation omitted). Instead, "the similarities simply must tend to support a *reasonable* inference that the same person committed both the earlier and later acts." *Id.*

This Court has found prior acts of "(1) shoplifting of a vacuum cleaner from K-Mart, (2) breaking and entering and larceny at [a place of business], and (3) car theft . . . relevant to show [defendant's] intent and motive for unlawfully entering the [victim's] residence." *State v. Hutchinson*, 139 N.C. App. 132, 136-37, 532 S.E.2d 569, 572 (2000). In this case, like defendant in *Hutchinson*, defendant had committed a prior larceny and broke into a car. Although defendant did not commit the larceny in a place of business as occurred in *Hutchinson*, the fact that defendant committed the prior act in a home makes the prior act even more similar and relevant. We also do not find the time span of two years to be too remote in time to show motive and intent. *See State v. Frazier*, 344 N.C. 611, 615, 476 S.E.2d 297, 300 (1996) (incidents as remote as twenty-seven years earlier not too remote in time). Considering the trial court's proper instructions as to Rule 403 and this Court's holding in *Hutchinson*, we do not find error in the trial court's admission of this evidence.

B. Defendant's prior act of marijuana possession

[2] Person County Sheriff's Department Officer Mike Clayton testified that he witnessed defendant conduct a drug transaction on 26 March 2007. Officer Clayton also testified that after witnessing the transaction, he arrested defendant for possession of marijuana. Defendant pled guilty to misdemeanor possession of marijuana as a result of this prior act.

Evidence of drug use has been properly used to establish a motive for a robbery. *State v. Stephenson*, 144 N.C. App. 465, 470, 551 S.E.2d 858, 862 (2001). We agree with the State that this evidence is relevant to show defendant's motive in that he possessed a need for money. Moreover, this act occurred three days before his 29 March 2007 attempted first degree burglary. As this Court has held, "when evidence leading up to a crime is part of the scenario which helps explain the setting, there is no error in permitting the jury to view the criminal episode in the context in which it happened." *State v. Holadia*, 149 N.C. App. 248, 254, 561 S.E.2d 514, 519 (2002). For these same reasons, we also find the evidence relevant under Rule 401.

Finally, we must determine whether the trial court abused its discretion in conducting the Rule 403 balancing test before admitting this evidence. In *Holadia*, this Court found no abuse of discretion in admitting the evidence of prior drug related acts even though they occurred four years before the act for which the defendant was tried. *Id.* at 255, 561 S.E.2d at 520. Here, the prior act occurred just days before defendant's alleged attempted burglary occurred. Accordingly, we cannot say that the trial court's decision was manifestly unsupported by reason or in any way amounted to an abuse of discretion.

### C. Defendant's prior act of breaking and entering and larceny on 4 October 2006

**[3]** Person County Sheriff's Department Officer Ryan Weaver testified that defendant committed a breaking and entering and larceny at the residence of Amanda McKay-Walker on 4 October 2006. Defendant had entered the Walker residence through the back window. The Walker residence is located in the same neighborhood as the Rickman residence. In that case, defendant pled guilty to felony breaking and entering.

This Court has held that admission of evidence regarding a prior break-in was admissible under Rule 404(b) to show identity where the defendant entered through a window, the homes were in the same neighborhood, and both break-ins occurred at a similar hour. *See State v. Whitaker*, 103 N.C. App. 386, 387, 405 S.E.2d 911, 911 (1991). As in *Whitaker*, the two incidents herein are sufficiently similar because, in both cases, defendant attempted to or did enter through a window and both residences were in the same neighborhood. Additional evidence linking defendant to the 4 October 2006 break-in includes recovery by police of a gun left at the scene that was registered to defendant's grandfather. Moreover, the prior act was only six months before the 29 March 2007 attempted first degree burglary for which defendant was convicted in the instant case, so we cannot say that the incidents were too remote in time.

Additionally, the similarity between this act and the prior act also shows intent. Here, defendant was convicted of attempted first degree burglary. His prior act helped establish that had Mrs. Rickman not caught him, defendant intended to burglarize the home. Accordingly, the trial court did not abuse its discretion in admitting the evidence under Rule 404(b). Finally, we conclude that the trial court did not abuse its discretion in admitting the evidence under Rule 403,

especially given the fact that the trial court properly instructed the jury to use it only for purposes of intent. *See, e.g., id.* at 388, 405 S.E.2d at 911. Defendant's assignments of error as to this issue are therefore rejected.

## II.

**[4]** Defendant next argues that the trial court committed plain error when it instructed the jury to consider prior acts only for the purpose of determining defendant's intent and motive and by not including language that the jury "could not consider the evidence to prove the character of the defendant or that he acted in conformity therewith." We disagree.

Defendant's argument is reviewable on appeal for plain error because he failed to object at trial to the instructions. *State v. Jones,* 358 N.C. 330, 346, 595 S.E.2d 124, 135 (2004). "Under the plain error standard of review, defendant has the burden of showing: '(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial.' " *Id.* (quoting *State v. Bishop,* 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997)).

The North Carolina Pattern Jury Instructions for Rule 404(b) state:

> Evidence has been received tending to show that (*state specific evidence*). This evidence was received solely for the purpose of showing
>
> [a Rule 404(b) purpose].
>
> If you believe this evidence you may consider it, but only for the limited purposes for which it was received.

1 N.C.P.I.—Crim. 104.15 (2005). The trial court instructed the jury in a substantially similar fashion when it instructed the jury at the close of all evidence that:

> Now, evidence has been received tending to show that the defendant had been charged and convicted of crimes prior to March 29, 2007. This evidence was received *solely for the purposes of showing that the defendant had a motive for the commission of the crime charged in this case, and that the defendant had the intent which is a necessary element of the crime charged in this case.* If you believe this evidence, you

STATE v. MARTIN

[191 N.C. App. 462 (2008)]

may consider it, but *only for the limited purpose for which it was received.*

(Emphasis added.)

We can find no error, much less plain error, when the trial court instructed the jury consistent with the pattern jury instructions. Although additional instructions would not have been inappropriate, it is incumbent upon defendant to make those requests to the trial court. *State v. Hopper*, 292 N.C. 580, 589, 234 S.E.2d 580, 585 (1977). Defendant's arguments to the contrary are therefore rejected.

## III.

**[5]** Defendant next argues that the trial court erred in allowing the State to cross-examine Ms. Martin, defendant's grandmother, concerning: Defendant's potential sentence, whether defendant was kicked out of high school for having drugs in school, whether defendant had been in drug treatment court, whether defendant had a drug problem, and whether Ms. Martin knew defendant stole Oxycontin pills from an Earlene Robinson in 2004. We address each in turn.

As to defendant's first contention, that the trial court erred by questioning Ms. Martin regarding the sentence defendant could receive upon conviction, defendant cites no authority for such a proposition. Where no argument or authority has been cited to the alleged error, it is deemed abandoned. N.C.R. App. P. 28(b)(6). Defendant, having failed to present any authority that the trial court erred, has abandoned this argument.

As to defendant's remaining contentions in this section, defendant failed to object at trial and has not specifically argued that the trial court committed plain error. Under such circumstances, this Court will not review whether the alleged error rises to the level of plain error. *State v. Alston*, 131 N.C. App. 514, 518, 508 S.E.2d 315, 318 (1998). Defendant's assignments of error as to this issue are therefore dismissed.

## IV.

**[6]** Defendant next argues that the trial court erred in denying his motion to dismiss the charge of attempted first degree burglary. We disagree.

The standard of review on appeal of the denial of a criminal defendant's motion to dismiss for insufficient evidence is whether the

State has offered substantial evidence to show that the defendant committed each element required to be convicted of the crime charged. *State v. Williams*, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002). Substantial evidence is evidence that is existing, not just seeming or imaginary. *State v. Irwin*, 304 N.C. 93, 97-98, 282 S.E.2d 439, 443 (1981). Upon a motion to dismiss, the evidence must be viewed in the light most favorable to the State, "giving the [S]tate the benefit of every reasonable inference that might be drawn therefrom." *State v. Etheridge*, 319 N.C. 34, 47, 352 S.E.2d 673, 681 (1987).

"Burglary is defined in North Carolina by the common law and G.S. 14-51, as the breaking and entering of the dwelling house or sleeping apartment of another in the nighttime with intent to commit a felony therein, whether such intent be executed or not." *State v. Goodman*, 71 N.C. App. 343, 345, 322 S.E.2d 408, 410 (1984). In this case, defendant was charged with attempted first degree burglary. "An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission." *Id.*

In *State v. Bumgarner*, 147 N.C. App. 409, 415, 556 S.E.2d 324, 329 (2001), this Court held that "the evidence presented that the defendant stood on the chair and removed the screen from [the victim's] window . . . was sufficient to satisfy the elements of attempted first-degree burglary." In the instant case, the State presented evidence that defendant was able to remove a portion of the screen and insert his fingers underneath that screen in the nighttime. Under *Bumgarner*, this is sufficient evidence to submit the issue to the jury and the trial court did not err in denying defendant's motion to dismiss. *See also State v. Gibbs*, 297 N.C. 410, 418, 255 S.E.2d 168, 174 (1979) (holding that " 'an entry is accomplished by inserting into the place broken the hand, the foot, or any instrument with which it is intended to commit a felony' ") (citation omitted). Defendant's arguments to the contrary are therefore rejected.

V.

[7] Defendant next argues the trial court abused its discretion when it allowed the prosecutor to address defendant's prior acts in his closing argument. Because defendant has again failed to cite any authority in support of his contention that the trial court erred, his argument is deemed abandoned. N.C.R. App. P. 28(b)(6).

STATE v. MARTIN

[191 N.C. App. 462 (2008)]

### VI.

**[8]** Defendant's final argument is that the trial court erred in refusing to instruct the jury on the lesser-included offense of attempted misdemeanor breaking and entering. We disagree.

If there is any evidence that indicates the absence of an important element of the primary offense and the existence of an element of a lesser offense, the jury must be instructed on the lesser offense as well. *State v. Annadale*, 329 N.C. 557, 567, 406 S.E.2d 837, 843 (1991). However, "[a] defendant is not entitled to an instruction on a lesser included offense merely because the jury could possibly believe some of the State's evidence but not all of it." *Id.* at 568, 406 S.E.2d at 844.

As discussed in section IV of this opinion, the State presented sufficient evidence to submit the charge of first degree attempted burglary to the jury. Accordingly, the trial court did not err in denying defendant's request for instructions on the lesser-included offense. Moreover, neither case cited by defendant is applicable to the case at bar. In both, *State v. Barlowe*, 337 N.C. 371, 446 S.E.2d 352 (1994), and *State v. Peacock*, 313 N.C. 554, 330 S.E.2d 190 (1985), an instruction on a lesser-included offense was required because there was a conflict in the evidence as to the defendants' intent. Here, no evidence was presented to suggest that defendant's intent was anything other than to commit a felony within the home. Defendant argues on appeal, for the first time, that defendant could have been attempting to look at Mrs. Rickman while she was bathing. No evidence in the record or transcript, however, supports such an inference. Accordingly, defendant's arguments to the contrary are therefore rejected.

### VII.

In conclusion, we find no abuse of discretion when the trial court admitted into evidence defendant's prior bad acts. We find no error in the trial court's instructions to the jury, denial of defendant's motion to dismiss, and refusal to instruct on a lesser-included offense. Because defendant has failed to cite any authority or argue plain error regarding alleged trial court errors relating to the scope of the State's cross-examination and closing argument, those issues are rejected.

No error.

Judges STEELMAN and STEPHENS concur.