McGEE, Chief Judge.
Joshua Lee Bradley ("defendant") appeals from judgment entered upon his convictions for felonious breaking and entering, larceny after breaking and entering, and attaining habitual felon status. For the following reasons, we find no error.
I. Background
Years after a home was broken into and a television stolen on 1 July 2011, defendant was arrested for the crime after DNA analysis of a blood sample found in the home on the date of the break-in matched defendant. On 11 May 2015, a Mecklenburg County Grand Jury indicted defendant on charges of felonious breaking and entering, larceny after breaking and entering, and attaining habitual felon status. The charges came on for trial in Mecklenburg County Superior Court before the Honorable Martin B. McGee on 11 April 2016.
On 14 April 2016, the jury returned verdicts finding defendant guilty of felonious breaking and entering and larceny after breaking and entering. Defendant then pled guilty to attaining habitual felon status and the trial court entered judgment consolidating the convictions and sentencing defendant to a term of 100 to 129 months imprisonment. Defendant gave notice of appeal in open court.
II. Discussion
Now on appeal, defendant challenges the trial court's decision to admit evidence of a prior offense and the court's jury instructions regarding that evidence.
The issue concerning defendant's prior offense was first raised while the trial court was addressing pretrial motions prior to jury selection. At that time, the defense made a motion in limine to exclude Rule 404(b) evidence that it anticipated the State would introduce, specifically defendant's conviction pursuant to a 2 June 2011 guilty plea to breaking and entering and larceny involving the same residence on 14 March 2011. Upon hearing from both parties, the trial court held the motion open until it had heard some evidence in the case.
The matter was later addressed further during a recess in the homeowner's testimony. The State argued defendant's prior offense was admissible under Rule 404(b) for purposes of proving motive, knowledge, common plan or scheme, and identity. The defense argued defendant's prior offense and offenses in this case were not similar. Upon consideration of the arguments, the trial court explained its analysis and then determined defendant's prior offense was admissible pursuant to Rule 404(b) for purposes of proving motive, knowledge, and common plan or scheme. The court noted that it found (1) the incidents to be sufficiently similar, (2) that temporal proximity is met, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice or confusion of the issues. The court then proposed a limiting instruction, to which neither party objected.
During a subsequent break in the trial, the State re-raised the issue of whether defendant's prior offense could be used to prove identity. Upon hearing further arguments, the trial court expanded the purposes for which defendant's prior offense could be offered to include identity. The trial court then amended the limiting instruction accordingly.
Rule 404(b) Evidence
Defendant first contends that the trial court erred in allowing the evidence of a prior offense under Rule 404(b). Our Supreme Court clearly explained the standard of review for rulings on Rule 404(b) evidence as follows:
Though this Court has not used the term de novo to describe its own review of 404(b) evidence, we have consistently engaged in a fact-based inquiry under Rule 404(b) while applying an abuse of discretion standard to the subsequent balancing of probative value and unfair prejudice under Rule 403. For the purpose of clarity, we now explicitly hold that when analyzing rulings applying Rules 404(b) and 403, we conduct distinct inquiries with different standards of review. When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling ... we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.
State v. Beckelheimer , 366 N.C. 127, 130, 726 S.E.2d 156, 158-59 (2012) (internal citations omitted).
In following the standard set forth in Beckelheimer , we first address de novo whether the evidence is within the coverage of Rule 404(b). Rule 404(b) provides, in pertinent part,
[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2015). Our Courts have recognized that Rule 404(b) is a
general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.
State v. Coffey , 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original).
Thus, even though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also "is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried."
State v. Bagley , 321 N.C. 201, 206, 362 S.E.2d 244, 247 (1987), (quoting State v. Morgan , 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986) ), cert. denied , 485 U.S. 1036, 99 L.Ed. 2d 912 (1988) (emphasis in original).
However, "the rule of inclusion described in Coffey is constrained by the requirements of similarity and temporal proximity." State v. Al-Bayyinah , 356 N.C. 150, 154, 567 S.E.2d 120, 123 (2002). "The determination of similarity and remoteness is made on a case-by-case basis, and the required degree of similarity is that which results in the jury's 'reasonable inference' that the defendant committed both the prior and present acts." State v. Stevenson , 169 N.C. App. 797, 800, 611 S.E.2d 206, 209 (2005) (quoting State v. Stager , 329 N.C. 278, 304, 406 S.E.2d 876, 891 (1991) ) (emphasis in original). "It is not necessary that the similarities between the two situations rise to the level of the unique and bizarre." State v. Aldridge , 139 N.C. App. 706, 714, 534 S.E.2d 629, 635, disc. review denied and appeal dismissed , 353 N.C. 269, 546 S.E.2d 114 (2000). "Prior acts are sufficiently similar 'if there are some unusual facts present in both crimes' that would indicate that the same person committed them." Beckelheimer , 366 N.C. at 131, 726 S.E.2d at 159 (quoting Stager , 329 N.C. at 304, 406 S.E.2d at 890-91 ). "However, '[w]hen the State's efforts to show similarities between crimes establish no more than "characteristics inherent to most" crimes of that type, the State has "failed to show ... that sufficient similarities existed" for the purposes of Rule 404(b).' " State v. Welch , 193 N.C. App. 186, 190-91, 666 S.E.2d 826, 829-30 (2008) (quoting State v. Carpenter , 361 N.C. 382, 390, 646 S.E.2d 105, 111 (2007) (quoting Al-Bayyinah , 356 N.C. at 155, 567 S.E.2d at 123 )).
On appeal, defendant contends the trial court's admittance of his prior offense in this case under Rule 404(b) to show motive, knowledge, common plan or scheme, and identity was error. Specifically, defendant argues the prior offense was not admissible because there were no unusual facts and the similarities between the prior offense and the charges in the present case are characteristics inherent to most crimes of this nature. Defendant also argues the prior offense was not relevant to show motive and knowledge. We are not persuaded by defendant's arguments.
Contrary to defendant's arguments, defendant's prior offense was relevant to show both motive and knowledge, which are closely related in this case. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2015). This Court has stated that "evidence of motive for the commission of a crime may be admitted even though motive is not an element of the crime." State v. Alston , 307 N.C. 321, 328, 298 S.E.2d 631, 637 (1983). That is because "[t]he existence of motive is a circumstance tending to make it more probable that the person in question did the act, hence evidence of motive is always admissible where the doing of the act is in dispute." State v. Parker , 113 N.C. App. 216, 224, 438 S.E.2d 745, 750 (1994). The Court has also stated that evidence of a prior offense is admissible "if it is relevant to establish a pattern of behavior on the part of the defendant tending to show that the defendant acted pursuant to a particular motive." Stager , 329 N.C. at 306-307, 406 S.E.2d at 892. Similarly, evidence of prior offenses may be admitted pursuant to Rule 404(b) to show knowledge. See N.C. Gen. Stat. § 8C-1, Rule 404(b). In this case, the intent to commit a larceny necessary for felony breaking and entering may be reasonably inferred from defendant's knowledge of the house and the new television therein. Thus, we agree with the State's argument that defendant's prior conviction was relevant and admissible under Rule 404(b) for the purposes of establishing defendant's motive to break into this particular house for a new television that he knew was inside.
On appeal, defendant does not argue common plan or scheme or identity were improper purposes for the admission of the prior offense evidence. Instead, defendant contends his prior offense and the charges in this case lack the unusual characteristics necessary for the evidence to be admissible for any purpose pursuant to Rule 404(b). Again, we disagree.
The similarities between defendant's prior offense and the present charges go beyond those characteristics common to most breaking or entering and larceny cases. As the trial court acknowledged, both defendant's prior offense and the charges in this case involved the same house and the same home owner. Additionally, the offenses were committed during the day when the homeowner was away. In both defendant's prior offense and the charges in this case the perpetrator attempted to gain entry into the same residence in the same manner. In defendant's prior offense, the back door was kicked in and broken. In this break-in, it appeared the perpetrator attempted to kick in the back door. The homeowner, however, had installed a bar and brace on the back door after the first break-in that thwarted the perpetrator from gaining access through the back door. As a result, the perpetrator broke and entered through a window and then exited through the backdoor. Lastly, the same new television that was still in the box was taken during both break-ins. We find these similarities sufficient to admit defendant's prior offense to show motive, knowledge, and common scheme or plan.
That leaves the question whether the similarities were sufficient for the prior offense to be admitted to prove identity. Although the standard is the same-the similarities between the crimes must support "the reasonable inference that the same person committed both the earlier and the later crimes [,]" State v. Green , 321 N.C. 594, 604, 365 S.E.2d 587, 593, cert. denied , 488 U.S. 900, 102 L.Ed. 2d 235 (1988) -this Court has indicated that a greater degree of similarity may be required when Rule 404(b) evidence is used to prove identity. See State v. Haskins , 104 N.C. App. 675, 682, 411 S.E.2d 376, 382 (1991) ("When determining the relevancy of other crimes evidence offered to prove defendant's motive, the degree of similarity between the uncharged and the charged crimes is considerably less important than when such evidence is offered to prove identity."), disc. review denied , 331 N.C. 287, 417 S.E.2d 256-57 (1992). Our Supreme Court has stated that "[e]vidence of other crimes on the issue of identity can be offered when the modus operandi of the other crime and the crime which is the subject of the current trial are ' "similar enough to make it likely that the same person committed both crimes." ' " State v. Hamilton , 351 N.C. 14, 20, 519 S.E.2d 514, 518 (1999) (quoting State v. Hoffman , 349 N.C. 167, 183-84, 505 S.E.2d 80, 90 (1998) (quoting State v. Carter , 338 N.C. 569, 588, 451 S.E.2d 157, 167 (1994), cert. denied , 515 U.S. 1107, 132 L.Ed. 2d 263 (1995) ), cert. denied , 526 U.S. 1053, 143 L.Ed. 2d 522 (1999) ), cert. denied , 529 U.S. 1102, 146 L.Ed. 2d 783 (2000). State v. Martin , 191 N.C. App. 462, 665 S.E.2d 471 (2008), disc. review denied , --- N.C. ----, 676 S.E.2d 49 (2009), is instructive in this case.
In Martin , this Court held that the trial court did not err in the defendant's first degree burglary trial when it allowed testimony that the defendant had committed a breaking and entering and larceny just six months prior to the attempted first degree burglary. Id . at 469, 665 S.E.2d at 475. In addition to the temporal proximity, this Court held the prior offense was admissible under Rule 404(b) to show identity, explaining that "the two incidents herein are sufficiently similar because, in both cases, defendant attempted to or did enter through a window and both residences were in the same neighborhood." Id . at 469, 665 S.E.2d at 476. Defendant acknowledges Martin , but contends it was wrongly decided. Martin , however, has not been overruled.
Guided by Martin , in which the similarities were less than in the present case, we hold the similarities between defendant's prior offense and the charges in this case are sufficient to support a reasonable inference that defendant, who admitted to the 14 March 2011 break-in, was also involved in the 1 July 2011 break-in. Furthermore, the break-in and larceny at issue in this case occurred only three-and-a-half months after defendant's prior offense. Considering the similarities and temporal proximity, we hold the trial court did not err in determining the evidence was proper under Rule 404(b) as proof of motive, knowledge, common plan or scheme, or identity.
Yet, even if the prior offense was not admissible as proof of identity, the argument to which defendant seems to direct most of his attention, the evidence was proper to show proof of motive, knowledge, and common plan or scheme. Where Rule 404(b) evidence is admitted for multiple purposes, this Court has held "that there was no prejudicial error where at least one of the [other] purposes for which the prior act evidence was admitted was correct." Haskins , 104 N.C. App. at 683, 411 S.E.2d at 382 (citing State v. Davis , 101 N.C. App. 12, 18, 398 S.E.2d 645, 649 (1990) ). In Haskins this Court explained that "[a]lthough it is error to admit other crimes evidence for a purpose not supported in the evidence, the error cannot prejudice defendant when the same other crimes evidence is admitted for a purpose which is supported in the evidence." Id . at 683, 411 S.E.2d at 383.
We next turn to whether the trial court abused its discretion in admitting the evidence under Rule 403. "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). This Court has stated that " '[w]hen the incidents are offered for a proper purpose, the ultimate test of admissibility is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of [N.C. Gen. Stat.] § 8C-1, Rule 403.' " Parker , 113 N.C. App. at 225, 438 S.E.2d at 751 (quoting State v. White , 101 N.C. App. 593, 602, 401 S.E.2d 106, 111, disc. review denied and appeal dismissed , 329 N.C. 275, 407 S.E.2d 852 (1991) ).
Upon review of the record, it appears the trial court performed a reasoned balancing analysis and determined that the prejudicial effect of the evidence was not outweighed by the probative value. Moreover, the court limited the prejudicial effect of the evidence by issuing instructions to the jury limiting consideration of defendant's prior offense to the specified purposes. See State v. Hargrave , 198 N.C. App. 579, 587-88, 680 S.E.2d 254, 260-61 (2009) (recognizing the court guarded against unfair prejudice by issuing a limiting instruction to the jury). Thus, we hold the trial court did not abuse its discretion.
Jury Instructions
Defendant also challenges the trial court's limiting instructions. Defendant's argument focuses exclusively on the instruction that the jury could consider defendant's prior offense as proof of identity. Because we have held the prior offense was properly admitted under Rule 404(b) as proof of identity, we hold the limiting instruction was not error. Nevertheless, even if it was error to admit defendant's prior offense for purposes of proving identity and instructing accordingly, DNA evidence was presented placing defendant in the residence.
III. Conclusion
For the reasons discussed above, we hold the trial court did not err in admitting evidence that defendant had previously been convicted of breaking and entering and larceny based on acts committed at the same residence just months before the 1 July 2011 break-in.
NO ERROR.
Report per Rule 30(e).
Judges McCULLOUGH and DAVIS concur.
Judge McCullough concurred in this opinion prior to 24 April 2017.